683 So.2d 1194 (1996)
Terry CASSADY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3114.
District Court of Appeal of Florida, Fifth District.
December 20, 1996.
Terry Cassady, Orlando, pro se.
No Appearance for Appellee.
ANTOON, Judge.
We have for review the trial court's order summarily denying Terry Cassady's motion to correct illegal sentence, pursuant to Florida Rules of Criminal Procedure 3.800(a). The trial court properly denied the motion as successive. Accordingly, we affirm.
In his rule 3.800 motion, Mr. Cassady raised the issues which had previously been denied in an earlier rule 3.850 motion for post-conviction relief. While a truly illegal sentence may be addressed at anytime, a defendant is not entitled to successive review of a specific issue which has already been decided against him in earlier post-conviction proceedings even if the question pertains to the legality of his sentence. Raley v. State, 675 So.2d 170, 173-74 (Fla. 5th DCA 1996), dismissed, 678 So.2d 1287 (Fla.1996).
This appeal amounts to Mr. Cassady's ninth action in this court, not including motions for rehearing. He appears to have exhausted his postconviction remedies and has certainly exhausted us in doing so. In order to conserve our resources, we order that Mr. Cassady is prohibited from filing any further pro se pleadings with this court concerning his 1991 conviction and sentence for four counts of attempted sexual battery. *1195 See Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). Additionally, we remind Mr. Cassady that section 944.28(2), Florida Statutes (Supp.1996), provides that "[a]ll or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner ... is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court...."
AFFIRMED.
PETERSON, C.J., and GOSHORN, J., concur.