703 So.2d 1176 (1997)
Clinton A. BRADLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-3104.
District Court of Appeal of Florida, Fifth District.
December 19, 1997.
Clinton A. Bradley, Daytona Beach, pro se.
*1177 No Appearance for Respondent.
PER CURIAM.
The petitioner, Clinton A. Bradley, files his latest post-conviction pleading with this court, his "Petition for a Writ of Habeas Corpus, Mandamus, or Other Constitutional Writ." Once again he attacks his 1987 convictions and sentences entered pursuant to his negotiated plea. Once again, he argues that his crime should have been reclassified as a life felony and that therefore his fifty-year sentence exceeded the forty-year statutory maximum sentence for life felonies.
The petitioner did not file a direct appeal of his 1987 convictions and sentences, even though that would have been his strongest avenue of relief. Instead, he first came to the attention of this court when he filed his first Rule 3.800(a) motion asserting for the first time that his fifty-year sentence exceeded the statutory maximum for life felonies. The trial court summarily denied the petitioner's motion. The petitioner appealed, and his appeal was dismissed as untimely. Bradley v. State, No. 90-1746 (Fla. 5th DCA June 21, 1991) [unpublished order]. The petitioner appealed to the Florida Supreme Court, and that appeal, too, was dismissed. Bradley v. State, 584 So.2d 997 (Fla.1991).
The petitioner then filed a Rule 3.850 motion, asserting for the second time that his fifty-year sentence exceeded the statutory maximum. The trial court summarily denied the petitioner's motion and that denial was affirmed per curiam by this court. Bradley v. State, 620 So.2d 775 (Fla. 5th DCA 1993).
The petitioner then filed a second Rule 3.800(a) motion, professing for the third time that his fifty-year sentence exceeds that statutory maximum. The trial court summarily denied this motion and the denial was affirmed per curiam without opinion. Bradley v. State, 656 So.2d 163 (Fla. 5th DCA 1995). The petitioner moved for rehearing, and this court denied rehearing.
The petitioner filed a third Rule 3.800(a) motion to correct an illegal sentence, claiming for the fourth time that his fifty-year sentence exceeded the statutory maximum. The trial court summarily denied the petitioner's motion as successive, and the denial was affirmed per curiam without opinion. Bradley v. State, 667 So.2d 788 (Fla. 5th DCA 1996).
The petitioner then petitioned the Florida Supreme Court for a Writ of Habeas Corpus. That court, too, denied relief. Bradley v. Singletary, 689 So.2d 1068 (Fla.1997)
Thus, petitioner's present petition is his sixth attempt to assert the same claim. Like other recent defendants/petitioners, Bradley seems to have no concept of the "one bite at the apple" rule or the "enough is enough" rule. The remarks of this Court in recent cases are equally applicable to this case: Cassady v. State, 683 So.2d 1194, 1194 (Fla. 5th DCA 1996) (the defendant "appears to have exhausted his post-conviction remedies and has certainly exhausted us in doing so"), and Johnson v. State, 680 So.2d 1101, 1102 (Fla. 5th DCA 1996) (the defendant "seems not to have heard our message that a defendant is entitled to but one `bite at the apple' or that `enough is enough.'... Even Herman Melville had to come to an ending in Moby Dick."), and of course Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995) ("enough is enough"). This bar of successive claims applies equally to habeas petitions. See Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995).
As we have in the past, we direct the petitioner and other prisoners similarly situated to the Criminal Appeal Reform Act of 1996, Chapter 96-248. This Act added section 924.051(9), Florida Statutes, which provides that it is the intent of the Legislature that the terms and conditions of collateral review and procedural bars to collateral review shall be strictly enforced. See, e.g., Rooney v. State, 699 So.2d 1027 (Fla. 5th DCA 1997); O'Brien v. State, 689 So.2d 336 (Fla. 5th DCA 1997). Further, a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding or appeal in any court is subject to having all or any part of his or her gain time forfeited. § 944.28(2)(a), Fla. Stat. When one prisoner ignored this warning, this court directed the Department of Corrections to forfeit the applicable gain time earned by the defendant. Hall v. State, 698 So.2d 576 (Fla. 5th DCA 1997).
*1178 In accordance with the Criminal Appeal Reform Act, and in order to conserve our judicial resources, we prohibit Mr. Bradley from filing any further pro se pleadings with this court concerning his 1987 convictions and sentences. Further, petitioner is cautioned that future frivolous pleadings may, like Mr. Hall, subject him to forfeiture of gain time.
PETITION DENIED.
DAUKSCH and GOSHORN, JJ., concur.
GRIFFIN, C.J., concurs specially with opinion.
GRIFFIN, Chief Judge, concurring specially.
When the Florida legislature enacted chapter 96-106, Laws of Florida, which created section 944.279, Florida Statutes and amended section 944.28(2)(a), Florida Statutes, I understood that the reference to "a frivolous suit action, claim, proceeding or appeal" in section 944.28(2)(a) referred to the same kind of "frivolous suit, action, claim, proceeding or appeal" that had previously been described in section 944.279. This would mean that it does not apply to criminal and criminal collateral proceedings. § 944.279(2), Fla. Stat. (Supp.1996). It seems odd that section 944.279, which requires certification from the court that "a frivolous or malicious suit, action, claim, proceeding or appeal in any court of this state or in any federal court, which is filed after June 30, 1996, or who knowingly or with reckless disregard for the truth, brought false information or evidence before the court" does not include criminal or collateral criminal proceedings, but section 944.28(2)(a) applies to any type of proceeding and has no such procedural requirement. If the two statutes are independent, the first, section 944.279 would seem to be superfluous since both substantively and procedurally it is entirely subsumed in the broader statute, section 944.28(2)(a), (b). My understanding that 944.28(2)(a) refers to the cases described in 944.279 derives not only from the statutes themselves but from the preamble to chapter 96-106:
WHEREAS, frivolous inmate lawsuits congest civil court dockets and delay the administration of justice for all litigants, and
WHEREAS, each year self-represented indigent inmates in Florida's jails and prisons file an ever-increasing number of frivolous lawsuits at public expense against public officers and employees, and
WHEREAS, state and local governments spend millions of dollars each year processing, serving, and defending frivolous lawsuits filed by self-represented indigent inmates, and
WHEREAS, the overwhelming majority of civil lawsuits filed by self-represented indigent inmates are frivolous and malicious actions intended to embarrass or harass public officers and employees, and
WHEREAS, under current law frivolous inmate lawsuits are dismissible by the courts only after considerable expenditure of precious taxpayer and judicial resources....
Ch. 96-106, preamble, at 92, Laws of Fla.
This court has already elected to interpret the statute to include criminal and collateral criminal proceedings so I am bound to concur in the decision in this case based on our prior caselaw, but I do so not only with reservations concerning whether we are correct but exactly how this statute will work in the context of criminal appeals and collateral proceedings. I note, for example, that section 944.28(2)(a) is not expressly limited to unrepresented criminal defendants.