705 So.2d 133 (1998)
Jerry DAVIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-3496.
District Court of Appeal of Florida, Fifth District.
January 30, 1998.
*134 Jerry Davis, Madison, pro se.
No Appearance for Respondent.
PER CURIAM.
The petitioner, Jerry Davis, files his latest post-conviction pleading with this court  his Petition for Writ of Habeas Corpus. Once again he attacks his 1982 conviction and sentence entered pursuant to his negotiated plea. Once again, he argues that his plea was involuntary because the trial court imposed adult sanctions without complying with the Florida Juvenile Justice Act. Once again, his claim is without merit.
In 1981, a 17-year-old juvenile, Jerry Davis, was indicted for first-degree murder. He entered into a plea bargain with the state in which he agreed to plead guilty to seconddegree murder in return for the state not seeking the death penalty or the life sentence with the mandatory-minimum provision for first-degree murder. In March 1982, Davis was sentenced as an adult to life imprisonment as agreed. He filed a direct appeal, raising the propriety of the trial court's denial of his motion to withdraw his plea. This court affirmed per curiam. Davis v. State, 429 So.2d 18 (Fla. 5th DCA 1983).
He then began his post-conviction attacks, claiming his plea was involuntary because he was not sentenced in accordance with the Florida Juvenile Justice Act.[1] Now, Davis files this latest, and last, Petition for Writ of Habeas Corpus. For the eighth time, he argues it is "per se reversible error for a trial court to impose adult sanctions on a juvenile defendant without making the required findings...." In addition to all the procedural bars to this claim,[2] Davis' claim is *135 without merit as a matter of law. As in the present case, when there is an intelligent and knowing waiver on the record a juvenile can enter into a plea agreement and waive his right to have the court make written findings and give reasons for imposing adult sanctions. See Lang v. State, 566 So.2d 1354 (Fla. 5th DCA 1990), approved, Sirmons v. State, 620 So.2d 1249 (Fla.1993).
Since Davis' current petition is his eighth attempt to assert the same claim, he qualifies for both the "Eight Is Enough" title and the "Enough Is Enough" rule.[3] As before, we direct Davis and other prisoners similarly situated to the Criminal Appeal Reform Act of 1996, Chapter 96-248. This Act added section 924.051(9), Florida Statutes, which provides that it is the intent of the Legislature that the terms and conditions of collateral review and procedural bars to collateral review shall be strictly enforced. See, e.g., Bradley v. State, 703 So.2d 1176 (Fla. 5th DCA 1997); Rooney v. State, 699 So.2d 1027 (Fla. 5th DCA 1997); O'Brien v. State, 689 So.2d 336 (Fla. 5th DCA 1997). Further, a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding or appeal in any court is subject to having all or any part of his or her gain time forfeited. § 944.28(2)(a), Fla. Stat. When one prisoner ignored this warning, this court directed the Department of Corrections to forfeit the applicable gain time earned by the defendant. Hall v. State, 698 So.2d 576 (Fla. 5th DCA 1997).
In accordance with the Criminal Appeal Reform Act, and in order to conserve our judicial resources, we prohibit Mr. Davis from filing any further pro se pleadings with this court concerning his 1982 conviction and sentence. Further, he is cautioned that future frivolous pleadings may, like Mr. Hall, subject him to forfeiture of gain time.
PETITION DENIED.
GRIFFIN, C.J., and DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] 1. Davis v. State, 487 So.2d 1077 (Fla. 5th DCA 1986) (3.850 motion);

2. Davis v. State, 496 So.2d 828 (Fla. 5th DCA 1986), reh'g denied (3.850 motion);
3. Davis v. State, No. 90-618 (Fla. 5th DCA May 9, 1990) [unpublished order] (habeas corpus, belated appeal of 3.800(a) motion);
4. Davis v. State, 580 So.2d 768 (Fla. 5th DCA 1991), motion for reh'g stricken (3.800(a) motion);
5. Davis v. State, No. 92-2588 (Fla. 5th DCA Dec. 21, 1992) [unpublished order] (voluntary dismissal of appeal);
6. Davis v. State, 618 So.2d 249 (Fla. 5th DCA 1993) (untimely 3.850 motion); and
7. Davis v. State, No. 94-448 (Fla. 5th DCA Mar. 15, 1994) [unpublished order], reh'g denied (habeas corpus, belated appeal).
[2] Davis' last two attempts to attack his 1982 conviction have been via habeas corpus petitions. Presumably this is because any other procedure would be time barred (except, of course, a truly "illegal" sentence). However, in McCray v. State, 699 So.2d 1366 (Fla.1997), the supreme court held that a petition for habeas corpus claiming ineffective assistance of appellate counsel is presumed to be the result of unreasonable delay prejudicing the state when filed more than five years after the judgment became final and is barred by laches unless the defendant alleges under oath that he was affirmatively misled about the results of the appeal by counsel. Defendant has made no such allegation about his 1983 appeal, and it is clear that he could make no such claim.
[3] See Cassady v. State, 683 So.2d 1194, 1194 (Fla. 5th DCA 1996) (the defendant "appears to have exhausted his post-conviction remedies and has certainly exhausted us in doing so"), and Johnson v. State, 680 So.2d 1101, 1102 (Fla. 5th DCA 1996) (the defendant "seems not to have heard our message that a defendant is entitled to but one `bite at the apple' or that `enough is enough.'... Even Herman Melville had to come to an ending in Moby Dick."), and of course Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995) ("enough is enough"). This bar of successive claims applies equally to habeas corpus petitions. See Isley, 652 So.2d at 410.