GOSHORN, Judge.
The issues Tillery raises were argued by him in his appeal from the denial of a previ *723 ous 3.850 motion and were rejected by this court in a per curiam affirmance without opinion. See Tillery v. State, 702 So.2d 509 (Fla. 5th DCA 1997). His successive post-conviction motion was thus improper. Foster v. State, 614 So.2d 455 (Fla.1992), cert. denied, 510 U.S. 951, 114 S.Ct. 398, 126 L.Ed.2d 346 (1993); Penn v. State, 688 So.2d 450 (Fla. 5th DCA 1997). Accordingly, we affirm the denial thereof, but write to draw Tillery’s attention to O’Brien v. State, 689 So.2d 336 (Fla. 5th DCA) (Criminal Appeal Reform Act of 1996 requires that procedural bars to collateral review be strictly enforced; prisoners proceeding frivolously are subject to having all or part of gain time forfeited), rev. denied, 697 So.2d 511 (Fla.1997).
AFFIRMED.
DAUKSCH and COBB, JJ., concur.