W. SHARP, Judge.
Williams appeals from the denial of his motion filed July 17, 1997, pursuant to Florida Rule of Criminal Procedure 3.850. He argues he is entitled to collateral relief because 40 points for victim injury were im *138 properly assessed on his scoresheet, according to the dictates of Karchesky v. State, 591 So.2d 930 (Fla.1992). He pled no contest, on December 9, 1994, to sexual battery of a person 12 years or older without physical force or violence.[1] No direct appeal was filed. We affirm.
We agree with the trial court that Williams’ motion is untimely because it was filed more than two years after the date Williams’ judgment and sentence became final. Fla. R.App. P. 3.850(b). We also agree with the trial court that this motion, even if not time barred, is proeedurally barred because it is successive. See, e.g., Mills v. State, 684 So.2d 801 (Fla.1996); Penn v. State, 688 So.2d 450 (Fla. 5th DCA 1997); § 924.051(9), Fla. Stat. (Supp.1996). Williams previously filed a rule 3.850 motion with the trial court and the denial of that motion was affirmed by this court. See Williams v. State, 663 So.2d 641 (Fla. 5th DCA 1995). Williams gives no reason, nor is any apparent, why the issue involved in this motion could not or should not have been raised in the prior motion.
Further, it appears that Williams also previously filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800, based on Karchesky. That motion was also denied and the denial was affirmed on appeal. See Williams v. State, 695 So.2d 708 (Fla. 5th DCA 1997). That decision should be the law of the case, right or wrong.
In any event, Williams’ motion has no merit. He committed his criminal offense on June 28,1994, after the statutory amendment requiring sexual penetration to be scored as a severe injury, regardless of whether or not there is evidence of any physical injury. See § 921.0011(7), Fla. Stat. (1993). Karchesky was superseded by this statutory amendment to the guidelines and does not apply to this case.
AFFIRMED.
GOSHORN and THOMPSON, JJ., concur.

. § 794.011(5), Fla. Stat. (1993).