W. SHARP, Judge.
Witherspoon appeals from a final order denying his petition for writ of mandamus filed in the circuit court. In this petition Witherspoon seeks to require the state to “correct” his scoresheet calculations and reduce his sentence imposed in 1991. He argues that the “prior record” part of the scoresheet was unlawfully enlarged because two Texas robberies he committed should have been scored as third degree felonies rather than as first degree felonies punishable by life terms. He also argues that a multiplier should not have been used for “legal constraint.” We affirm.
These same issues were raised by Wither-spoon on at least two occasions. In 1991, he appealed his sentence and argued these same sentencing errors. But, this court held the scoring of the out-of-state felonies was prop *144 er. This court agreed with Witherspoon that the legal constraint points were improperly assessed. It affirmed the sentence because the error was harmless, since removal of the improper points would not have placed With-erspoon in a lower sentencing bracket. Witherspoon v. State, 601 So.2d 607 (Fla. 5th DCA), rev. denied, 613 So.2d 13 (Fla.1992).
The second challenge came in 1993 when Witherspoon moved, pursuant to Florida Rule of Criminal Procedure 3.800, to correct his claimed illegal sentence. The trial court denied the motion. On appeal, Witherspoon again argued the trial court erred in scoring his Texas convictions and in scoring multiple legal constraint points. This court affirmed without opinion. Witherspoon v. State, 621 So.2d 1089 (Fla. 5th DCA 1993).
The second challenge as well as this one are barred because they are successive and improper, and they seek to raise points already finally decided by this court. Williams v. State, 706 So.2d 137 (Fla. 5th DCA 1998); Eneias v. State, 696 So.2d 1365 (Fla. 5th DCA 1997); Cassady v. State, 683 So.2d 1194 (Fla. 5th DCA 1996); Johnson v. State, 680 So.2d 1101 (Fla. 5th DCA 1996). This court’s ruling on direct appeal cannot be changed or challenged by collateral attack, through whatever form Witherspoon may chose to formulate his challenge. See Pantages v. Construction Trades Qualifying Board of Dade County, 231 So.2d 236 (Fla. 3d DCA 1970). We caution Witherspoon that bringing any more successive collateral attacks raising these same issues may result in his loss of gain time. Tillery v. State, 705 So.2d 722 (Fla. 5th DCA 1998). See Davis v. State, 705 So.2d 133 (Fla. 5th DCA 1998); Bradley v. State, 703 So.2d 1176 (Fla. 5th DCA 1997); Brown v. State, 702 So.2d 1370 (Fla. 1st DCA 1997); Rooney v. State, 699 So.2d 1027 (Fla. 5th DCA 1997); Mercade v. State, 698 So.2d 1313 (Fla. 2d DCA 1997); O'Brien v. State, 689 So.2d 336 (Fla. 5th DCA), rev. denied, 697 So.2d 511 (Fla.1997).
AFFIRMED.
COBB and HARRIS, JJ., concur.