ORDER DENYING IN FORMA PAU-PERIS STATUS AND DISMISSING PETITION WITHOUT PREJUDICE

Petitioner Otis Mack Vickson, a state prisoner serving a 22-year sentence for attempted first-degree murder, filed a Petition for Writ of Mandamus against the Secretary of the Department of Corrections in this Court on July 14, 1998. Since Petitioner had not submitted the requisite filing fee, this Court’s Clerk’s Office sent Petitioner its general form to be used in filing a Motion For Leave To Proceed In Forma Pauperis, including an affidavit form. The form solicits information required for an indigency determination under section 57.085, Florida Statutes (1997). Section 57.085 governs the waiver of prepayment of court costs and fees for prisoners. On August 4, 1998, Petitioner returned the Motion For Leave To Proceed In Forma Pauperis with the affidavit of indigency, and on August 11, 1998, Petitioner was granted in forma pauperis status.
On further review of Petitioner’s indi-gency affidavit, it came to this Court’s attention that Petitioner had failed to comply with subsection (7) of the statute which requires a prisoner who has been adjudicated as an indigent twice in the preceding three years to list all suits, actions, claims, proceedings, or appeals brought or intervened in by him or her in the last five years and to attach a copy of the documents that commence and dispose of each proceeding.[1] On November 19, 1998, this *377 Court vacated its earlier order granting Petitioner in forma pauperis status and ordered him to show cause why this Court should not dismiss his petition for failure to comply with subsection (7).
On December 15, 1998, Petitioner filed an “Objection to Show Cause Order,” which this Court has construed to be a response. In that response, Petitioner claims that this Court’s application of section 57.085, including subsection (7), to him violates state and federal ex post facto prohibitions because his criminal offense was committed prior to July 1, 1996, the effective date of the statute. Petitioner, who committed his offense on May 6, 1989, argues that determination of his indigency status must be made under section 57.081, Florida Statutes (1987), which governed the granting of indigency to all indigent persons, both prisoner and non-prisoner, before section 57.085 became effective.[2] With his response, Petitioner submitted another Motion For Leave To Proceed In Forma Pauperis and affidavit which were prepared pursuant to section 57.081, not section 57.085.
This Court hereby finds that Petitioner’s December 15, 1998, Motion For Leave To Proceed In Forma Pauperis and accompanying affidavit do not correct his previous failure to comply with section 57.085(7) because Petitioner fails to list each case he has filed in the last five years and attach a copy of the requisite documents from each of those cases. This Court also finds that Petitioner has not provided sufficient justification for his failure to comply with the statute. Although the requirements of section 57.085(7) present prisoners with some procedural hurdles in seeking indigency status, they do not violate the Ex Post Facto Clause because they do not directly increase an inmate’s sentence. See Lynce v. Mathis, 519 U.S. 433, 442, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997)(noting that the important focus is whether the subject legislation lengthens a prisoner’s sentence). In addition, the case attachment requirement of the statute does not constitute an ex post facto viola-, tion because the statute has neither the intent nor the effect of increasing an inmate’s punishment, but rather it attempts to remedy a current problem. See Ivory v. Wainwright, 393 So.2d 542, 544 (Fla.1980), appeal dismissed, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981); De Veau v. Braisted, 363 U.S. 144, 160, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960); Flemming v. Nestor, 363 U.S. 603, 613-14, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960).
Section 57.085 was enacted to alleviate the problems caused by the vast number of *378 frivolous lawsuits filed by indigent prisoners.[3] In particular, the legislature made express findings regarding the financial and administrative burden frivolous indigent inmate lawsuits place on the state judicial system. See Ch. 96-106, preamble, at 92-93, Laws of Fla. With respect to section 57.085(7), the statute carries out its purpose of reducing these lawsuits by providing courts with a mechanism to review a prisoner’s recent litigation history and determine whether to allow the prisoner the opportunity to again seek a waiver of prepayment of filing fees where that prisoner has already proceeded twice as an indigent within the last three years. The statute further accomplishes its purpose by increasing the prisoner’s commitment of time and resources with every lawsuit the inmate files. It is the prisoner’s responsibility to keep appropriate records as to how many cases he or she has filed, the case numbers, the dispositions of those cases, and copies of the requisite documents from those cases. This being the case, implementation of the statute may cause inmates to consider more carefully whether to file a claim in court and to refrain from filing excessive or frivolous lawsuits.
This Court has recognized that “[t]he resources of our court system are finite and must be reserved for the resolution of genuine disputes.” Rivera v. State, 24 Fla. L. Weekly S59, S59, 728 So.2d 1165 (Fla. 1998). Having this same concern, the United States Supreme Court has ruled that it can prospectively deny indi-gency status to a litigant who has clearly abused the judicial system, despite that litigant’s actual financial status.[4] See In re McDonald, 489 U.S. at 184, 109 S.Ct. 993 (“[Ejvery paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution’s limited resources. A part of the Court’s responsibility is to see that these resources are allocated in a way that promotes the interests of justice.”).
Considering Petitioner Vickson’s extremely litigious history, this Court now finds that it must prevent Petitioner from continuing to monopolize this Court’s time and energy. While this Court could completely deny Petitioner indigency status altogether as the Supreme Court has done *379 in some cases, that option is not necessary at this time. Instead, this Court has decided to take a less extreme measure— Petitioner Vickson must now strictly comply with the disclosure provisions of section 57.085(7). Since Petitioner has not done so and refuses to do so, this petition is dismissed without prejudice to the filing of a new petition along with the appropriate filing fee or a proper Motion To Proceed In Forma Pauperis that includes a list of all legal actions he has filed in the preceding five years and a copy of the documents commencing and disposing of those actions. See § 57.085(7), Fla. Stat. (1997). This case will not be reopened. Furthermore, if Petitioner wishes to proceed as an indigent in any additional petitions, cases or other legal actions covered by section 57.085, he must either submit a Motion For Leave To Proceed In Forma Pauperis in strict compliance with section 57.085(7), or submit the requisite filing fee. Should Petitioner file any Motions For Leave To Proceed In Forma Pauperis which do not comply with this order in future pleadings or petitions, the motion shall immediately be denied and Petitioner will be required to pay the requisite filing fee or have his case dismissed.
HARDING, C.J., and SHAW, WELLS, PARIENTE, LEWIS and QUINCE, JJ., concur.

. Petitioner Vickson, who had been adjudicated indigent at least twice by this Court in the preceding three years, did not list or attach the requisite copies for any of his prior cases. *377 Based on an examination of this Court's records, it was determined that Vickson had filed at least 20 prior actions with this Court alone in the last five years. See Vickson v. Alford, 719 So.2d 289 (Fla.1998)(No. 93,149); Vickson v. Florida Bar, 717 So.2d 541 (Fla.1998)(No. 92,256); Vickson v. Singletary, 717 So.2d 541 (Fla.1998)(No. 91,683); Vickson v. Singletary, 709 So.2d 537 (Fla.1998)(No. 90,484); Vickson v. State, 707 So.2d 1128 (Fla.1998)(No. 92,079); Vickson v. Alford, 707 So.2d 1128 (Fla.1998)(No. 91,974); Vickson v. Singletary, 707 So.2d 1128 (Fla.1998)(No. 91,899); Vickson v. Singletary, 707 So.2d 1128 (Fla.1998)(No. 91,869); Vickson v. Alford, 705 So.2d 902 (Fla.1997)(No. 91,507); Vickson v. Singletary, 705 So.2d 571 (Fla.1997)(No. 91,583); Vickson v. Singletary, 732 So.2d 329 (Fla.1997)(No. 91,068); Vickson v. Singletary, 727 So.2d 914 (Fla.1997)(No. 90,913); Vickson v. Alford, 732 So.2d 329 (Fla. 1997)(No. 90,779); Vickson v. Circuit Court, Ninth Judicial Circuit, 695 So.2d 703 (Fla.1997)(No. 89,742); Vickson v. Singletary, 687 So.2d 1308 (Fla.1997)(No. 86,222); Vickson v. Singletary, 677 So.2d 842 (Fla.1996)(No. 87,373); Vickson v. Butterworth, 659 So.2d 1090 (Fla.1995)(No. 85,619); Vickson v. Bronson, 652 So.2d 819 (Fla.1995)(No. 85,191); Vickson v. Folk, 652 So.2d 819 (Fla.1995)(No. 85,144); Vickson v. Bronson, 652 So.2d 819 (Fla.1995)(No. 85,145).

. Effective July 1, 1996, the legislature amended section 57.081 to exclude prisoners and created section 57.085 to apply exclusively to prisoners. See Ch. 96-106, §§ 1, 2, 7, at 93-95, 97, Laws of Fla. (amending § 57.081, creating § 57.085, and providing effective date).

.The legislative preamble which sets forth the basis for the act creating section 57.085 provides, in pertinent part:
WHEREAS, frivolous inmate lawsuits congest civil court dockets and delay the administration of justice for all litigants, and
WHEREAS, each year self-represented indigent inmates in Florida's jails and prisons file an ever-increasing number of frivolous lawsuits at public expense against public officers and employees, and
WHEREAS, stale and local governments spend millions of dollars each year processing, serving, and defending frivolous lawsuits filed by self-represented indigent inmates, and
WHEREAS, the overwhelming majority of civil lawsuits filed by self-represented indigent inmates are frivolous and malicious actions intended to embarrass or harass public officers and employees, and
WHEREAS, under current law frivolous inmate lawsuits are dismissible by the courts only after considerable expenditure of precious taxpayer and judicial resources....
Ch. 96-106, preamble, at 92-93, Laws of Fla.

. See Attwood v. Singletary, 516 U.S. 297, 116 S.Ct. 769, 133 L.Ed.2d 721 (1996) (requiring petitioner to pay docketing fees for petitions for certiorari in noncriminal matters after filing nine frivolous petitions within two years); Day v. Day, 510 U.S. 1, 114 S.Ct. 4, 126 L.Ed.2d 1 (1993) (requiring petitioner to pay docketing fees for petitions for certiorari after filing 27 petitions within nine years); Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992) (requiring petitioner to pay docketing fees for petitions for certiorari in noncriminal matters after filing 45 petitions within 10 years); In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991) (requiring petitioner to pay docketing fees for extraordinary writs after petitioner filed 43 petitions within three years); In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (requiring petitioner to pay docketing fees for extraordinary writs after petitioner filed 73 separate filings with the Court).