730 So.2d 420 (1999)
Marvin J. RAHYMES, Appellant,
v.
STATE of Florida, Appellee.
No. 99-399.
District Court of Appeal of Florida, Fifth District.
April 23, 1999.
Marvin J. Rahymes, Raiford, pro se.
No appearance for Appellee.
PER CURIAM.
Rahymes appeals from the summary denial of his motion for post-conviction relief filed pursuant to both Rules 3.800(a) and 3.850 of the Florida Rules of Criminal Procedure. This is Rahymes' (at least) eighth post-conviction attack on his life sentence for the crime of second-degree murder. We affirm. Not only is his current challenge without merit, it is grossly successive and improper.
*421 As part of a plea bargain, Rahymes pled guilty to second-degree murder, having been charged with first-degree murder. He also agreed the court could impose a departure sentence up to and including a life sentence. The court sentenced him to life on November 23, 1987, a departure sentence, noting that as part of the plea agreement Rahymes had agreed to a sentence beyond the guidelines range.
Then commenced Rahymes' challenges to his sentence and judgment. He filed an appeal, questioning whether the court properly imposed a departure sentence. This court affirmed without opinion. Rahymes v. State, 525 So.2d 899 (Fla. 5th DCA 1988).
Collateral attacks followed:
1. In 1989, Rahymes filed a Rule 3.850 motion, claiming his plea was involuntary and his counsel ineffective. The motion was summarily denied, and he filed no appeal.
2. In 1990, Rahymes filed a Rule 3.800(a) motion, claiming his score sheet was improperly calculated. The motion was summarily denied and no appeal was filed.
3. In 1991, Rahymes filed a second Rule 3.850 motion claiming his plea was not voluntary and his trial counsel was ineffective. The trial court denied the motion, and Rahymes appealed. This court affirmed without opinion. Rahymes v. State, 583 So.2d 694 (Fla. 5th DCA 1991).
4. In 1992, Rahymes filed his second Rule 3.800(a) motion which the trial court denied. Rahymes appealed, but the appeal was dismissed for failure to pay the filing fee or obtain an order of insolvency. (Case No. 92-1947)
5. In 1995, Rahymes filed a third Rule 3.800(a) motion, challenging the departure sentence on the ground he only agreed to a harsher sentence than the guidelines range provided, if it was "appropriate" in the sense that the trial judge could support it with adequate reasonsother than that it was part of a plea agreement. The trial court denied the motion, finding these issues had been raised and addressed in the prior motions. Rahymes appealed, and this court affirmed without opinion. Rahymes v. State, 661 So.2d 18 (Fla. 5th DCA 1995).
6. In 1997, Rahymes filed a third Rule 3.850 motion, claiming ineffective assistance of trial counsel and plea and sentencing errors. The trial court denied the motion, and again this court affirmed without opinion. Rahymes v. State, 699 So.2d 700 (Fla. 5th DCA), rev. dismissed, 701 So.2d 868 (Fla. 1997).
7. Last year, Rahymes sought a petition for habeas corpus in the Florida Supreme Court. It was denied. Rahymes v. Singletary, 717 So.2d 536 (Fla.1998).
In this proceeding Rahymes again argues his sentence was improper because there was no agreement about his receiving a departure sentence. The trial court denied it on the ground this issue had been passed on in the 1995 and 1997 proceedings. He moved for rehearing on the ground his sentence was illegal, and thus it could be corrected at any time. The trial court summarily denied the motion.
Although this court has not previously written an opinion in Rahymes' prior challenges to his judgment and sentence, that does not forestall the application of the principle that the law of the case applies to his successive collateral proceedings. Successive motions are subject to dismissal if they fail to allege new or different grounds, and the prior determinations of those grounds was on the merits. Foster v. State, 614 So.2d 455, 458 (Fla.1992), cert. denied, 510 U.S. 951, 114 S.Ct. 398, 126 L.Ed.2d 346 (1993); Davis v. State, 589 So.2d 896 (Fla. 1991); Raley v. State, 675 So.2d 170, 173-74 (Fla. 5th DCA 1996). Rahymes' current successive motion is also barred by the Criminal Appeal Reform Act of 1996, Chapter 96-248. Effective July 1, 1996, section 924.051(8) provides that it is the Legislature's intent that the terms and conditions of collateral review and procedural bars to collateral review shall be strictly enforced.
Further, we point out that section 944.28(2)(a) provides a prisoner, who is found by a court to have brought a frivolous suit, action, claim, proceeding or appeal in any court, is subject to having all or any part of his or her gain time forfeited. See O'Brien v. *422 State, 689 So.2d 336 (Fla. 5th DCA 1997). Repeated successive claims clearly fall into the frivolous category.
In the past, trial courts have told Rahymes that his pleadings seeking to collaterally attack his judgment and conviction are improper because they are successive. We affirm the trial court's order denying relief on that ground.
But because Rahymes has repeatedly abused the judicial system in this regard, we think he qualifies for this court's "Enough is Enough" rule. See Davis v. State, 705 So.2d 133, 135 (Fla. 5th DCA 1998); Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995). Accordingly, we prohibit him from filing any additional pro se appeals, pleadings, motions and petitions relating to any issue raised in the proceedings described above, or any issue which could or should have been raised in those proceedings. Any further pleadings filed in this court relating to Rahymes' sentence and judgment in Orange County Case No: CR87-677 must be reviewed and signed by an attorney, licensed to practice law in this state.
AFFIRMED.
W. SHARP and PETERSON, JJ., concur.
GRIFFIN, C.J., concurs specially with opinion.
GRIFFIN, C.J., concurring specially.
See Bradley v. State, 703 So.2d 1176 (Fla. 5th DCA 1997).