748 So.2d 1057 (1999)
Edwin B. HARVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 99-2220.
District Court of Appeal of Florida, Fifth District.
December 3, 1999.
Rehearing Denied January 10, 2000.
Edwin B. Harvey, Century, pro se.
No Appearance for Appellee.
PER CURIAM.
Appellant's latest request for post-conviction relief is rejected.
We prohibit appellant from filing any more frivolous appeals, pleadings, petitions, or motions. There will be consequences if he persists. First, any future violations of this court's instruction will result in an order directed to the Department of Corrections to forfeit appellant's gain time pursuant to sections 944.279; 944.28(2)(a), Florida Statutes (1977). See Rivera v. State, 728 So.2d 1165 (Fla.1998); Bradley v. State, 703 So.2d 1176 (Fla. 5th DCA 1997); Hall v. State, 698 So.2d 576 (Fla. 5th DCA 1997), review granted, 718 So.2d 168 (Fla.1998). Second, this court will issue a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), as to why he should not be denied further access to this court.
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, J., concurring specially.
I concur because the majority opinion is consistent with prior case law of this court. I continue to maintain, however, as I did in Bradley v. State, 703 So.2d 1176 (Fla. 5th DCA 1997) (Griffin, J., dissenting), that when section 944.279 was enacted, criminal appeals were not intended by the legislature to be included. See also Saucer v. State, 736 So.2d 10, 12 (Fla. 1st DCA 1998)(Webster, J., dissenting). I also agree with the decision of the Second District Court of Appeal in Mercade v. State, 698 So.2d 1313 (Fla. 2d DCA 1997), and the First District in Martin v. Singletary, 713 So.2d 1056 (Fla. 1st DCA 1998), that the decision whether to forfeit gain time lies with the Department of Corrections, not with the appellate court.