788 So.2d 342 (2001)
Jeffrey R. HASTINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2386.
District Court of Appeal of Florida, Fifth District.
June 1, 2001.
Rehearing Denied July 3, 2001.
Jeffrey R. Hastings, Jasper, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
PLEUS, J.
We withdraw the previous opinion and substitute the following in its place:
This case involves a 3.850 motion for post-conviction relief, in the guise of a motion to enforce a plea agreement, and a motion to disqualify the trial judge. Hastings challenges the trial court's adverse ruling.
In 1974, Hastings pled guilty to escape and was sentenced to 15 years in prison. In 2000, he filed a "Petition/Motion for Specific Performance of Plea Agreement and Enforcement of Plea Agreement." The trial court had denied three prior motions in which Hastings had raised the same claims. This time Hastings added a motion to recuse the trial judge based on his summary denial of his three prior motions. The trial court noted in its ruling that it had "fully considered the motions, as well as its previous orders denying identical claims."
Hastings' motion for the court to recuse itself is legally insufficient because it is based solely upon the trial court's prior adverse rulings. A trial court's prior adverse ruling is not a legally sufficient ground upon which to base a motion to disqualify. See Thompson v. State, 759 So.2d 650 (Fla.2000). Additionally, Hastings' motion is not sworn to, as required *343 by Florida Rule of Judicial Administration 2.160(c).
Hastings' motion to enforce the plea agreement is procedurally barred as a successive 3.850 motion for post-conviction relief. See Doyle v. State, 772 So.2d 607 (Fla. 5th DCA 2000). Hastings has now filed five appeals from five 3.850 rulings in the court below pertaining to the same case. Based on Hastings' numerous and successive meritless pro se filings, we hold that he is precluded from filing any additional pro se appeals, pleadings, motions or petitions relating to his conviction and sentence in trial court case 74-179-CF, unless reviewed and signed by an attorney licensed to practice in the State of Florida. See Johnson v. State, 787 So.2d 934 (Fla. 5th DCA 2001); Rahymes v. State, 730 So.2d 420, 422 (Fla. 5th DCA), cause dismissed, 733 So.2d 516 (Fla.1999); Davis v. State, 705 So.2d 133, 135 (Fla. 5th DCA 1998); Isley v. State, 652 So.2d 409, 410-411 (Fla. 5th DCA 1995); see also Lockett v. State, 769 So.2d 1141 (Fla. 5th DCA 2000).
AFFIRMED.
THOMPSON, C.J., and SAWAYA, J., concur.