791 So.2d 1232 (2001)
Nathaniel POOLE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3604.
District Court of Appeal of Florida, Fifth District.
August 17, 2001.
*1233 Nathaniel Poole, Jr., Jasper, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Appellant, Nathaniel Poole, Jr., timely appeals the trial court's order denying his petition for writ of error coram nobis which the trial court correctly treated as a Rule 3.850 motion. See Wood v. State, 750 So.2d 592 (Fla.1999). Poole argues that the trial court erred in denying his motion because newly discovered evidence would exonerate him. Specifically, he contends that pubic hair and blood samples used at trial should be re-examined utilizing modern DNA testing procedures. Because his petition was untimely and successive, we affirm.
On July 26, 1981, Poole was convicted of kidnaping, sexual battery, robbery, and aggravated assault. He was sentenced to 40 years on the kidnaping and sexual battery counts, 15 years on the robbery count, and 5 years on the aggravated assault count, all running concurrently. Poole directly appealed from that conviction and this court affirmed his conviction. Poole v. State, 413 So.2d 898 (Fla. 5th DCA 1982). Subsequently, he filed a Rule 3.850 motion for post-conviction relief, seeking the same relief as in the instant motion. Poole has already been afforded complete judicial review of his contention that DNA typing would have exonerated him. Poole v. State, 644 So.2d 327 (Fla. 5th DCA 1994).
Coram nobis claims cannot bring life back into post-conviction claims that have previously been barred. Vonia v. State, 680 So.2d 438, 439 (Fla. 2nd DCA 1996). Poole's coram nobis claims are untimely and successive, and therefore constitute an abuse of process. Accordingly, we prohibit Poole from filing any further pro se pleadings with this court concerning his 1981 conviction and sentence. See Rahymes v. State, 730 So.2d 420, 422 (Fla. 5th DCA), cause dismissed, 733 So.2d 516 (Fla.1999); Davis v. State, 705 So.2d 133, 135 (Fla. 5th DCA 1998); Isley v. State, 652 So.2d 409, 410-411 (Fla. 5th DCA 1995).
AFFIRMED.
*1234 THOMPSON, C.J., concurs.
SHARP, W., J., concurs in part and dissents in part, with opinion.
SHARP, W., J., concurring in part, dissenting in part.
Poole appeals from a denial of his petition for a writ of error coram nobis, seeking exoneration from his 1981 case in which he was found guilty of kidnaping, sexual battery, robbery and aggravated assault. He has served his sentences in that case, and has sought collateral relief from his convictions in the past, while in prison. He claims his case was not reviewed on the merits and points to the trial court's latest order dismissing without prejudice his petition for writ of error coram nobis, dated February 14, 2000. Thus I conclude Poole's petition here is not successive.
Poole claims in his petition that he was convicted based on inaccurate eyewitness testimony and evidence that blood type "O" was discovered at the crime scene, and that he has type "O" blood. No other scientific tests were performed on the evidence, which consisted of pubic hairs, blood, semen, and oral swabs. He further alleges that if the currently available DNA tests were performed on the crime samples, he would be excluded as a perpetrator. Such tests were not available at the time of his trial in 1981. In this petition, he categorizes his claim as one based on newly discovered evidence. We have held that it is not, and have strictly applied the two-year limitations rule found in Florida Rule of Criminal Procedure 3.850 in cases raising this issue.[1]
This year, however, the Florida Legislature created a statutory remedy for persons in the position of Poole, seeking exoneration from convictions or mitigation from sentencing, based on the examination of DNA evidence collected at the time the crimes were investigated. See Ch. 2001-97, Laws of Fla. Part of the statute took effect July 1, 2001 and part takes effect October 1, 2001. This statute also contains time limitation periods, but it allows a two-year window from its effective date, at the least, in which to apply for a remedy. Although Poole's petition in this case does not track the requirements of the statute, it is not clear from this record that he could not meet its essential requirements. Thus, there is no reason why this court should, in affirming this case, bar Poole from seeking a remedy under the DNA statute, which the courts in their wisdom have denied him. If we must affirm, it should be without prejudice to seek a remedy under Ch. 2001-97.
NOTES
[1] But see Dedge v. State, 723 So.2d 322 (Fla. 5th DCA 1998) (Sharp, J., dissenting).