836 So.2d 1102 (2003)
Edwin B. HARVEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D02-3505.
District Court of Appeal of Florida, Fifth District.
February 7, 2003.
Edwin B. Harvey, Crestview, pro se.
No Appearance for Respondent.
PALMER, J.
As in Johnson v. State, 652 So.2d 980 (Fla. 5th DCA 1995): "The number thirteen proves unlucky for petitioner." That is the number of times petitioner Edwin B. Harvey, who entered no contest pleas, has attempted to collaterally attack in this court his 1991 convictions and sentences after he had his convictions affirmed in this court over ten years ago. Harvey v. State, 600 So.2d 1127 (Fla. 5th DCA 1992). "Enough is enough." Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995).
In fact, more than three years ago, we twice warned Harvey about submitting successive, meritless postconviction claims. See Harvey v. State, 748 So.2d 1057 (Fla. 5th DCA 1999); Harvey v. State, 726 So.2d 814 (Fla. 5th DCA 1999). In spite of that warning, he has done so again by filing the instant request for a belated appeal from the denial of his latest postconviction motion. Based upon his numerous and successive meritless pro se filings, we hold that Harvey is prohibited from filing any additional appeals, pleadings, motions or petitions pertaining to his convictions and sentences in Eighteenth Judicial Circuit Court No. 91-550-CFA[1] unless reviewed and signed by an attorney licensed to practice in the State of Florida. The clerk of this court is directed not to accept from Harvey, as petitioner or appellant, any further pro se pleadings or filings which relate to that case. See Ellison v. State, 807 So.2d 825 (Fla. 5th DCA), rev. denied, 829 So.2d 917 (Fla.2002); Jackson v. Florida Dep't of Corrections, 790 So.2d 398 (Fla. *1103 2001); Vickson v. Singletary, 734 So.2d 376 (Fla.1999).
PETITION DENIED.
SAWAYA, J., and COBB, W., Senior Judge concur.
NOTES
[1] Harvey also had two other cases as well, Case No. 90-1416 and Case No. 91-755, but it appears his sentences in those cases have been served, making it unnecessary for this court to enter an order barring him from submitting pro se filings in those cases.