849 So.2d 1146 (2003)
Robert E.H. CARLISLE, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D03-1529.
District Court of Appeal of Florida, Fifth District.
July 18, 2003.
Robert E.H. Carlisle, Polk City, pro se.
No appearance for Respondent.
PER CURIAM.
This successive petition alleging ineffective assistance of appellate counsel creates another one of our "enough is enough" cases. After a jury trial, Robert E.H. Carlisle was convicted of burglary of a dwelling and sentenced as an habitual felony offender. He appealed, raising eight issues. This court affirmed his conviction and sentence on appeal in Carlisle v. State, 736 So.2d 1203 (Fla. 5th DCA 1999). He then began attacking his conviction and sentence collaterally.[1]
In his current petition, Carlisle again argues some, if not all, of his trial and appellate attorneys were ineffective because his missing wife was not served with a subpoena to testify at his trial. Because *1147 the trial court had previously resolved the factual issue of the subpoena against him, that he previously and unsuccessfully raised in this court's case No. 5D03-377, and the "new evidence" he describes is neither new nor significant, this court issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999) (court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond).
We find no merit in Carlisle's response and hold that his successive petitions constitute an abuse of the judicial system. See, e.g., Harvey v. State, 836 So.2d 1102 (Fla. 5th DCA 2003); Davis v. State, 705 So.2d 133 (Fla. 5th DCA 1998); Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995). Therefore, in accordance with the Criminal Appeal Reform Act of 1996, and in order to conserve judicial resources, we prohibit Carlisle from filing any additional pro se appeals, pleadings, motions and petitions relating to his conviction and sentence in his case affirmed by this court in Carlisle v. State, 736 So.2d 1203 (Fla. 5th DCA 1999). Any further pleadings filed in this court relating to his judgment and sentence in that case must be reviewed and signed by an attorney, licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se filings or pleadings from Carlisle regarding Seventh Judicial Circuit Court No. 97-35355-CFAES.
PETITION DENIED.
SHARP, W., PETERSON, TORPY, JJ., concur.
NOTES
[1] Not counting the motions and petitions he filed with the trial court before resorting to the higher courts, his collateral challenges were: Carlisle v. State, No. 5D00-708 (Fla. 5th DCA May 11, 2000) (dismissed for failure to pay filing fee); Carlisle v. State, 773 So.2d 647 (Fla. 5th DCA 2000) (petition stricken); Carlisle v. State, No. 5D00-3516, (Fla. 5th DCA Dec. 12, 2000) (cert.denied); Carlisle v. State, No. 5D01-771, (Fla. 5th DCA June 15, 2001) (first petition for belated appeal denied); Carlisle v. State, No. 5D01-3625 (Fla. 5th DCA Jan. 3, 2002) (petition to consolidate first two Rule 3.850 motions denied); Carlisle v. State, No. 5D02-319, 829 So.2d 232 (Fla. 5th DCA Aug.20, 2002) (denying motion to relinquish jurisdiction and affirming denial of Rule 3.850 motion); Carlisle v. State, 821 So.2d 293 (Fla.2002) (petition dismissed); Carlisle v. State, No. 5D03-377, 845 So.2d 212, 2003 Fla.App. Lexis 4288 (Fla. 5th DCA Mar.18, 2003) (denial of third Rule 3.850 motion affirmed).