PLEUS, J.
In 1990, Kinsey was tried and convicted of the first-degree murder of his aunt. He was sentenced to life in prison with a minimum mandatory term of 25 years. His conviction and sentence were affirmed by this court. Kinsey v. State, 595 So.2d 58 (Fla. 5th DCA 1992). He thereafter made a number of collateral attacks upon that conviction and sentence.[1]
We have now received Kinsey’s response to our show cause order issued pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), which stands for the proposition that a court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond. Because we find no merit to the response, and because Kinsey has repeatedly abused the judicial system in this regard, we find he qualifies for this court’s “enough is enough” rule. See, e.g., Carlisle v. State, 849 So.2d 1146 (Fla. 5th DCA 2003); Werts v. State, 722 So.2d 982 (Fla. 5th DCA 1999); Davis v. *831 State, 705 So.2d 133, 135 (Fla. 5th DCA 1998); Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995).
Therefore, in accordance with the Criminal Appeal Reform Act of 1996, and in order to conserve judicial resources, we prohibit Kinsey from filing any additional pro se appeals, pleadings, motions and petitions relating to his 1990 conviction and sentence. Any further pleadings filed in this court relating to his judgment and sentence in that case must be reviewed and signed by an attorney, licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se filings or pleadings from Kinsey related to Ninth Judicial Circuit Court No. 89-CF-3364.
AFFIRMED.
PALMER and MONACO, JJ., concur.

. Kinsey filed a Rule 3.850 motion for post-conviction relief which was denied by the trial court on November 13, 1992, which he did not appeal. He filed a second Rule 3.850 motion which the trial court denied and this court affirmed. Kinsey v. State, 632 So.2d 1044 (Fla. 5th DCA 1994). He sought a writ of habeas corpus to obtain a belated appeal but his petition was denied. Kinsey v. State, No. 94-1288 (Fla. 5th DCA June 13, 1994). He then switched to federal court, petitioning the Middle District for a writ of habeas corpus under 28 USC § 2254. It was denied on October 3, 1995. He filed an unsuccessful motion for relief from judgment with the United States District Court in June 1996. He again sought a writ of habeas corpus in this court to obtain a belated appeal, but his petition was denied. Kinsey v. State, No. 97-2557 (Fla. 5th DCA Sept. 25, 1997). He petitioned the Florida Supreme Court for habeas corpus; that court also denied relief. Kinsey v. State, 705 So.2d 570 (Fla.1998). He filed yet another petition for writ of habeas corpus in this court; it was denied. Kinsey v. State, No. 00-902 (Fla. 5th DCA Apr. 10, 2000). He again petitioned the Florida Supreme Court for habeas corpus. They again denied relief. Kinsey v. State, 776 So.2d 276 (Fla.2000). This time, Kinsey is appealing the denial of his third 3.850 motion on the basis of "new evidence” which he does not have.