PER CURIAM.
Kelvin Jurand Thompson, appeals from an order denying his fourth Florida Rules of Criminal Procedure 3.800(a) motion. This eighth challenge to his designation as an habitual felony offender and his attempt to contest his convictions and sentence qualifies for the “Enough Is Enough” rule. See Davis v. State, 705 So.2d 133 (Fla. 5th DCA 1998).
This court affirmed Thompson’s appeal of his original convictions and sentence in Thompson v. State, 718 So.2d 1257 (Fla. 5th DCA 1998). Thompson then began collaterally attacking his habitual felony offender sentence.[1] We found Thompson’s current argument was without merit and issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999) (holding that court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond). Finding no merit in his response, we find that his successive challenges to his habitual offender sentence constitutes an abuse of the judicial system. See, e.g., Harvey v. State, 836 So.2d 1102 (Fla. 5th DCA 2003); Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995).
Therefore, in accordance with the Criminal Appeal Reform Act of 1996, and in order to conserve judicial resources, we prohibit Thompson from filing any additional pro se appeals, pleadings, motions and petitions relating to his convictions and sentence in the underlying case. Any further pleadings filed in this court relating to his convictions and sentence must be reviewed and signed by an attorney, licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se filings or pleadings from Kelvin Jurand Thompson regarding Brevard County, Eighteenth Judicial Circuit Court No. 05-1996-CF-08482-AXXX-XX.
AFFIRMED.
PETERSON, GRIFFIN and PALMER, JJ., concur.

. Thompson v. State, 736 So.2d 1206 (Fla. 5th DCA 1999) (1st rule 3.850 motion denied); Thompson v. State, 741 So.2d 1138 (Fla.1999) (habeas corpus denied); Thompson v. State, 747 So.2d 951 (Fla. 5th DCA 1999) (2nd rule 3.850 motion denied); Thompson v. State, No. 00-455 (Fla. 5th DCA Feb. 28, 2000) (belated appeal denied); Thompson v. State, 767 So.2d 1225 (Fla. 5th DCA 2000) (1st rule 3.800(a) motion denied); Thompson v. State, 782 So.2d 401 (Fla. 5th DCA 2001) (2nd rule 3.800(a) motion denied); Thompson v. State, 842 So.2d 131 (Fla. 5th DCA 2003) (3rd rule 3.800(a) motion denied).