PETERSON, J.
Ronald Schiming appeals from an order denying his motion to correct án illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court found the motion to be successive and prohibited Schiming from any further attacks on his conviction and sentence.
Schiming was convicted of attempted first-degree murder, sexual battery by threat of force, kidnapping, possession of a weapon in the commission of a felony and robbery with a deadly weapon. He was sentenced to various terms of incarceration including life imprisonment for the attempted murder. On appeal, this court reversed the kidnapping conviction and remanded the case to the trial court for a retrial on that charge and for resentenc-ing. Schiming v. State, 534 So.2d 1252 (Fla. 5th DCA 1988). Schiming then filed a rule 3.800(a) motion arguing that because this court reversed the kidnapping conviction, he was entitled to resentencing on all other convictions. This court agreed that he should be resentenced on those convictions for which he received a guideline sentence. Schiming v. State, 617 So.2d 813 (Fla. 5th DCA 1993).
After the resentencing, Schiming appealed and this court per curiam affirmed. Schiming v. State, 637 So.2d 252 (Fla. 5th DCA 1994). Schiming then filed a rule 3.850 motion, followed by a rule 3.800(a) motion, both of which were per curiam affirmed. Schiming v. State, 654 So.2d 1175 (Fla. 5th DCA 1995); Schiming v. State, 725 So.2d 1188 (Fla. 5th DCA 1998).
A flurry of appeals and petitions then came to this court for consideration, all of which were resolved adverse to Schiming. Schiming v. State, 768 So.2d 463 (Fla. 5th DCA 2000); Schiming v. State, Case No. 5D01-3587 (denied December 26, 2001). Undaunted, Schiming continued to file appeals or petitions in this court, all of which were denied. See Schiming v. State, 804 So.2d 1263 (Fla. 5th DCA 2001); Schiming v. State, Case No. 5D02-797 (denied April 5, 2002); Schiming v. State, 835 So.2d 1149 (Fla. 5th DCA 2002). In this last cited case, the trial court prohibited Schiming from any further pro se attacks on his conviction and sentence.
Finding the trial court doors closed to further attacks, Schiming filed the instant “petition for writ of habeas corpus alternatively all writs petition” in the Florida Supreme Court arguing' once again that his conviction for attempted murder was improperly reclassified to a life felony because a special verdict form was not used to find that a weapon was used during the commission of the crime. The Court treated the petition as a rule 3.800(a) motion and transferred it to the trial court. The trial court noted the earlier prohibition against pro se filings, but nonetheless rejected Schiming’s claim on the merits.
We concluded that Schiming’s current appeal was without merit and issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999) (holding that court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond). We find no merit in Schiming’s response and hold that his successive petitions constitute an abuse of the judicial system. See, e.g., Steele v. State, 859 So.2d 524 (Fla. 5th DCA 2003); Harvey v. State, 836 So.2d 1102 (Fla. 5th DCA 2003); Davis v. State, 705 So.2d 133 (Fla. 5th DCA 1998); Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995). Therefore, in accordance with the Criminal Appeal Reform Act of 1996, and in order to conserve judicial resources, *318 we prohibit Schiming from filing any additional pro se appeals, pleadings, motions and petitions relating to his conviction and sentence in Ninth Judicial Circuit Court Case No. CR87-5037. Any further pleadings filed in this court relating to his judgment and sentence must be reviewed and signed by an attorney licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se filings or pleadings from Schiming regarding the Ninth Judicial Circuit Court Case No. CR 87-5037.
AFFIRMED.
ORFINGER and MONACO, JJ, concur.