SUAREZ, J.
Phillip Butler appeals from the denial of his petition for post-conviction relief filed pursuant to Florida Rules of Criminal Procedure 3.850 and 3.800. We affirm.
On February 3, 2012, we ordered Butler to show cause why he should not be prohibited from filing further pro se proceedings with this Court regarding his May, *295 1999 conviction for nine felony counts in lower court case number F98-18181.[1] We have carefully considered Butler’s response to the Court’s order to show cause,[2] and we conclude that good cause has not been shown. We now prohibit Butler from filing any additional pro se appeals, motions, pleadings or petitions relating to his conviction and sentence in lower court case number F98-18181.
Of the fifteen post-conviction motions that Butler has filed below, one of them raises claims identical to those raised in the current petition. On March 3, 2006, Butler filed a motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800, raising the claim that 1) double jeopardy bars his convictions in counts 2-5 for armed kidnapping because they all involved the same elements, and 2) that he should not have been convicted of separate counts of attempted armed robbery in counts 6-9 because the offenses were part of the same criminal transaction. The trial court denied relief on those issues because each of the counts 2-5 alleged a different victim, and in counts 6-9 the jury found that the defendant robbed four separate individuals such that four separate convictions on those counts were proper. This Court affirmed. See Butler v. State, 941 So.2d 430 (Fla. 3d DCA 2006).
Butler’s current petition, denied by the trial court on October 27, 2011, raises the same issues, i.e., that his right against double jeopardy was violated because he was convicted for four counts of kidnapping with a weapon and four counts of attempted armed robbery. He claims that this petition is neither time barred nor successive because the current claim is founded on manifest injustice, allowing the claim to be raised at any time and requiring substantive relief. The points raised and argument made in this current post-conviction petition are nearly identical to those raised and argued in his March 2006, Rule 3.800 petition. The issues raised have been considered and determined on the merits. The claim of “manifest injustice” is without merit and fails to overcome the bar against successive filings. See Hepburn v. State, 934 So.2d 515 (Fla. 3d DCA 2005).
We recognize that incarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations. See State v. Spencer, 751 So.2d 47, 49 (Fla.1999) (citing Rivera v. State, 728 So.2d 1165, 1166 (Fla.1998)); Attwood v. Singletary, 661 So.2d 1216, 1217 (Fla.1995); Art. 1, § 21, Fla. Const. (“The courts shall be open to every person for redress of any injury-”). On the other hand, there is no constitutional right to file a frivolous lawsuit. See Lewis v. Casey, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606, (1996) (holding that depriving someone of a frivolous claim deprives him of nothing at all, except perhaps the punishment of sanctions). Activity of this type not only wastes public resources, but also diminishes the ability of the courts to devote their finite resources to the consideration of legitimate claims. See Spencer, 751 So.2d at 48. Because of the potential for waste and abuse, the legislature recently has admonished the judiciary that “it is the Legislature’s intent that all terms and conditions of direct appeal and collateral review [shall] be strictly enforced.” § 924.051(8), Fla. Stat. (2005) (emphasis added). See also O’Brien v. State, 689 So.2d 336, 337 *296 (Fla. 5th DCA 1997) (directing that post-conviction litigants in that court be on notice of the newly-adopted admonition and warning of consequences for violations).
Based on a careful review of Butler’s record in this Court, we believe that he has exhausted his post-conviction remedies. Cassady v. State, 683 So.2d 1194, 1194 (Fla. 5th DCA 1996) (“[The defendant] appears to have exhausted his post-conviction remedies and has certainly exhausted us in doing so.”); Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) (“Enough is enough.”). For the foregoing reasons, we order that from this time forward any pleadings or motions filed in this Court relating to lower court case number F98-18181 must be reviewed and signed by an attorney licensed to practice law in the State of Florida, and the Clerk of the Third District Court of Appeal is directed not to accept any further pro se pleadings from appellant relating to case number F98-18181.[3]
So ordered.

. Butler was convicted after jury trial of one count of burglary with assault while armed, four counts of kidnapping with a weapon or an aggravated battery, and four counts of attempted robbery with a deadly weapon.

. See State v. Spencer, 751 So.2d 47 (Fla.1999).

. We note that while this appeal was pending, the Court issued a clerk’s order in Case No. 3D11-2377, prohibiting Butler from filing any further pro se pleadings or motions related to lower court case number F98-18181. See Butler v. State, 88 So.3d 948 (Fla. 3d DCA 2012).