697 So.2d 1262 (1997)
John M. FERENC, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0991.
District Court of Appeal of Florida, Fifth District.
July 25, 1997.
John M. Ferenc, Polk City, pro se.
*1263 Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Upon review of the trial court's summary denial of John M. Ferenc's (defendant) motion for postconviction relief, we affirm. The defendant filed a motion for postconviction relief styled "Motion to Withdraw Nolo Contendere Plea," challenging his 1977 conviction for burglary of a dwelling. The trial court denied the motion, and the defendant appealed. The defendant also filed a motion to proceed on appeal in forma pauperis. The trial court denied the motion, finding that his appeal was frivolous. Specifically, the trial court stated:
The Court concludes the defendant may be indigent, but his appeal is frivolous, without foundation in law or fact, and the application to the County to fund his appeal is denied.
In denying the motion to proceed in forma pauperis, the trial court apparently relied on section 57.085(8), Florida Statutes (1995), which authorizes the trial court to dismiss a frivolous proceeding initiated by an indigent prisoner under certain circumstances at any time. However, subsection (10) of the statute provides that section 57.085 "does not apply to a criminal proceeding or a collateral criminal proceeding." Accordingly, the denial of the defendant's motion was improper.
Florida Rule of Appellate Procedure 9.430 provides that an appellate court may presume that an incarcerated defendant, who has been previously declared indigent in the proceedings before the trial court, remains indigent in the absence of evidence to the contrary. The defendant was declared indigent at trial and was appointed counsel. No evidence has since been presented indicating that the defendant is no longer indigent. Accordingly, we grant the defendant's request to proceed in forma pauperis and consider the summary denial of his motion for postconviction relief.
The defendant claims that the trial court's denial of his motion for postconviction relief was in error. We disagree. Florida Rule of Criminal Procedure 3.850(b) requires that motions for postconviction relief be filed within two years after the judgment and sentence become final. See Bannister v. State, 606 So.2d 1247, 1248 (Fla. 5th DCA 1992). There are three exceptions to the two-year limitation: (1) a claim of illegal sentence; (2) a claim of newly discovered evidence; and (3) a claim based on a fundamental change in the law held to apply retroactively. Id. In the absence of an exception, a motion filed outside of the two-year period will not invoke the jurisdiction of the trial court. Rivet v. State, 618 So.2d 377, 378 (Fla. 5th DCA 1993). Here, the two-year period has long since expired, and the defendant's motion fails to set forth an exception. Accordingly, we affirm the trial court's denial of the defendant's motion for postconviction relief.
In disposing of this appeal, we agree with the trial court that the appeal is frivolous and we note that the legislature shares the trial court's view that frivolous appeals, even in collateral civil proceedings, should not be tolerated carte blanche. Appellant is herewith cautioned that frivolous appeals may subject a defendant to sanctions as provided in section 944.28(2)(a), Florida Statutes (Supp.1996), including a forfeiture of gain time.
AFFIRMED.
GRIFFIN, C.J., and THOMPSON, J., concur.