698 So.2d 1313 (1997)
Rafial A. MERCADE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03358.
District Court of Appeal of Florida, Second District.
September 5, 1997.
LAZZARA, Judge.
The appellant, Rafial Mercade, has invoked our mandatory jurisdiction to review the trial court's order denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). See Fla. R.App. P. 9.140(i). We affirm because the record conclusively refutes the appellant's claim for relief. In doing so, we in turn invoke the provisions of section 944.28(2)(a), Florida Statutes (Supp.1996), find that the appellant has brought a frivolous appeal, and recommend that the Department of Corrections exercise its discretion and subject him to the forfeiture of gain time in accord with section 944.28(2)(c), Florida Statutes (Supp.1996).
The appellant alleged in his motion that according to sentencing records attached to the motion he was sentenced to fifty-four months' imprisonment followed by three years' probation. He further asserted, however, that "[d]uring the sentencing hearing *1314 the sentencing judge stated that the court is sentencing the defendant to 3 years probation only" and that "[t]he sentencing transcripts will reflect that oral pronouncement at the time of sentencing was 3 years probation." (Emphasis added.) The appellant claimed, therefore, that he was entitled to relief in the form of a resentencing to a probationary term of three years in conformity with the oral pronouncement of sentence.
To support and bolster these allegations, the appellant executed an unnotarized oath pursuant to section 92.525, Florida Statutes (1995), in which he acknowledged that "[u]nder penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true." We emphasize that the execution of this oath was not a meaningless gesture because the Florida Supreme Court has held that "[a] postconviction movant who falsely signs this oath could be convicted of perjury." State v. Shearer, 628 So.2d 1102, 1103 (Fla.1993).
The trial court denied the motion by a written order. In the order, the trial court recited that after reviewing the sentencing transcript it was clear that it had orally sentenced the appellant to fifty-four months' imprisonment for violation of probation and fifty-four months' imprisonment followed by three years' probation for a new offense, both sentences to run concurrently. The trial court attached to its order a copy of the sentencing transcript which clearly and unequivocally supported its factual recitations and the denial of the appellant's motion and conclusively refuted the appellant's allegation made under penalty of perjury that he was "only" sentenced to three years' probation. Indeed, the transcript also reflects that the appellant, through counsel, agreed with the imposition of these sentences before they were orally pronounced. The trial court furnished a copy of its order to the appellant.
The appellant, obviously unpersuaded by the irrefutable fact established by the trial court's order and attachment that the very sentencing transcript which he declared "under penalties of perjury" would be the basis for relief nevertheless clearly and unequivocally furnished no basis for relief, sought our mandatory review of the trial court's order by filing a notice of appeal on June 9, 1997.[1] As a consequence, this court was required by law to process this appeal at taxpayers' expense due to the appellant's indigency status and to devote its already over-stretched judicial resources in disposing of an untenable appeal which was readily recognizable without argument or research as one completely devoid of merit on the face of the record with absolutely no prospect of success. See Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883 (1935) (providing a precise and comprehensive definition of what constitutes a frivolous appeal).
We use this case, therefore, to send a message to prisoners collaterally attacking sentences imposed by the trial courts of this district that we fully intend to invoke the applicable provisions of section 944.28, Florida Statutes (Supp.1996), governing the forfeiture of gain time and the right to earn gain time in the future, when we are confronted with a frivolous appeal, such as this one, from the denial of a motion for postconviction relief. We do so even though such a preliminary cautionary notice is not required because the publication of this statute in the Laws of Florida or the Florida Statutes gives such prisoners constructive notice of the consequences of violating the statute in terms of forfeiture of gain time. See State v. Beasley, 580 So.2d 139, 142 (Fla.1991) ("As to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions.").
Effective July 1, 1996, the Florida Legislature amended section 944.28(2)(a) in part to provide that "[a]ll or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner ... is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court [.]" Ch. 96-106, §§ 6 and 7, at 75, Laws of Fla. (amendatory language underscored). Because the statute does not define the meaning *1315 of the term "frivolous appeal," we look to case law which defines that term. See State v. Hagan, 387 So.2d 943, 945 (Fla.1980) (in the absence of a statutory definition, a court may resort to case law which defines the term). As previously indicated, the Florida Supreme Court in Treat, 121 Fla. 509, 163 So. 883, provided a comprehensively precise definition of what constitutes such an appeal. It stated that:
A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error [or briefs, in keeping with modern practice], that its character may be determined without argument or research. An appeal is not frivolous where a substantial justiciable question can be spelled out of it, or from any part of it, even though such question is unlikely to be decided other than as the lower court decided it, i.e., against appellant or plaintiff in error.
121 Fla. at 510-511, 163 So. at 883-884 (footnote and citation omitted).[2] We adopt this definition for purposes of determining whether an appeal is frivolous within the meaning of section 944.28(2)(a). Measured against this standard, we conclude that the appeal brought by the appellant in this case is a paradigm of frivolousness because, as noted, it was readily recognizable without argument or research as one which was completely devoid of merit on the face of the record and had no prospect whatsoever of success.
We point out, however, that the legislature in section 944.28(2)(c) has vested sole discretion in the Department of Corrections to declare a forfeiture of a prisoner's gain time for any violation of section 944.28(2)(a), including the bringing of a frivolous appeal. That section, in conformity with the constitutional requirements of due process, mandates the following intricate procedural mechanism which must first be adhered to before the Department of Corrections may declare a forfeiture of a prisoner's gain time: (1) the preparation of a written charge specifying an instance of misconduct for which forfeiture of a prisoner's gain time is available; (2) the furnishing of a copy of the charge to the prisoner; (3) a hearing, at which the prisoner must be present, before a duly constituted disciplinary committee at the prisoner's institution of confinement; (4) the submission of a report by the committee to the superintendent of the prisoner's institution after the hearing in the event it finds the prisoner guilty and recommends a forfeiture of gain time; (5) the superintendent's approval of the committee's recommendation of forfeiture of the prisoner's gain time in whole or in part; and (6) the forwarding of the committee's report to the Department of Corrections by the superintendent together with his or her endorsement of the committee's recommendation as to forfeiture of the prisoner's gain time. Thereafter, in the words of the statute, "the department may, in its discretion, declare the forfeiture thus approved by the superintendent or any specified part thereof."
It is manifestly clear to us that by amending section 944.28(2)(a), the Florida Legislature sent a definite message to prisoners such as the appellant that the initiation of frivolous legal proceedings before the courts of this state, including the bringing of frivolous appeals, will no longer be tolerated as a matter of public policy and that the consequence of bringing such proceedings may result in the Department of Corrections imposing the harshest of sanctions available to punish a prisonera longer period of incarceration through the forfeiture of gain time. We fully intend to implement this legislative policy expression. Accordingly, in view of our finding that the appellant has clearly brought a frivolous appeal in this court, we strongly recommend that the Department of Corrections invoke the provisions of section 944.28(2)(c) and thereafter, in its discretion, declare a forfeiture of the appellant's gain time for violating section 944.28(2)(a). To *1316 that end, we direct the clerk of this court to furnish a certified copy of our opinion to the superintendent of the institution where the appellant is now confined.
We note that we are not the first appellate court to rely on the provisions of section 944.28(2)(a) in an attempt to stem the flow of frivolous postconviction appeals. In Hall v. State, 690 So.2d 754 (Fla. 5th DCA 1997) (Hall I), the Fifth District advised Mr. Hall "that any further pursuit of frivolous appeals will subject him to sanctions as provided in section 944.28(2)(a), Florida Statutes (Supp. 1996)." See also Ferenc v. State, 697 So.2d 1262 (Fla. 5th DCA 1997) (providing the same cautionary warning).[3] Mr. Hall failed to heed this admonition and filed an appeal from the summary denial of two postconviction relief motions. After determining that the appeal was frivolous, the Fifth District in Hall v. State, 698 So.2d 576 (Fla. 5th DCA 1997) (Hall II), "direct[ed] the Department of Corrections to forfeit the applicable gain time earned by Hall pursuant to section 944.28(2)(a), Florida Statutes (Supp.1996)." (Emphasis added.)
Although we share the same frustrations over frivolous postconviction appeals as do our colleagues on the Fifth District, we conclude that we do not have the authority to simply direct the Department of Corrections to forfeit a prisoner's gain time after finding that the prisoner's appeal is frivolous. In our view, to do so would be in direct conflict with the legislative scheme of section 944.28(2)(c) which, as previously analyzed, establishes a host of mandatory procedural requirements which must first be met before the Department of Corrections, "in its discretion," may declare a forfeiture of a prisoner's gain time. Accordingly, we decline to follow the "direct" approach of Hall II. We express our confidence, however, that if we consistently implement the legislative policy expressed in section 944.28(2)(a) in the manner we have done in this case, and if the Department of Corrections consistently invokes the procedures of section 944.28(2)(c) when notified that a particular prisoner has brought a frivolous appeal before us, then prisoners will be dissuaded from bringing frivolous postconviction appeals because of the looming specter of the loss of a prisoner's most precious commoditygain time.
We, therefore, affirm the trial court's order denying the appellant's motion to correct illegal sentence, find that the appeal brought by the appellant in this case is frivolous, and recommend to the Department of Corrections that sanctions be imposed against the appellant in the form of a forfeiture of his gain time.
Affirmed with recommendation to Department of Corrections that sanctions be imposed against appellant for bringing a frivolous appeal.
PATTERSON, A.C.J., and WHATLEY, J., concur.
NOTES
[1] The appellant unquestionably received a copy of the trial court's order because in his notice of appeal he recited the exact date of the order's rendition.
[2] We have added the bracketed language to this definition to conform to current appellate practice as the First District did in Procacci Commercial Realty, Inc. v. Department of Health and Rehabilitative Services, 690 So.2d 603, 609 (Fla. 1st DCA 1997).
[3] In view of the holding in State v. Beasley, 580 So.2d 139 (Fla.1991), we conclude that it is not a necessary prerequisite that a prisoner such as the appellant must first be given such a cautionary notice before recommending to the Department of Corrections that sanctions in the form of a loss of gain time be imposed against him for bringing a frivolous appeal.