713 So.2d 1056 (1998)
William MARTIN, Petitioner,
v.
Harry K. SINGLETARY, Secretary of the Florida Department of Corrections, Respondent.
No. 97-4039.
District Court of Appeal of Florida, First District.
June 26, 1998.
William Martin, pro se.
Robert Butterworth, Attorney General, and Anthony W. Garcia, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Petitioner, an inmate of the Department of Corrections, seeks a writ of certiorari to review an order entered by the circuit court. In this order, the circuit judge denied petitioner's complaint for extraordinary relief and made a finding "in accordance with section 944.279, Florida Statute (1996), that this action was frivolous and that the Plaintiff shall be subject to a forfeiture of earned and unearned gain time as a penalty for instituting this frivolous proceeding in this Court." The judge directed that a certified copy of the order be provided to the superintendent of Union Correctional Institution "so that disciplinary action may be instituted against plaintiff, William Martin # 026396, in accordance with recently enacted amendments to section 944.28(2)(a), Florida Statutes (Supp. 1996)." We affirm the circuit court's denial of the petition below, because it clearly appears that petitioner was afforded due process in the disciplinary proceeding instituted by the Department.
Petitioner asks us to reverse the portion of the order finding that the action was frivolous for purposes of section 944.279(1), Florida Statutes (Supp.1996). We deny that relief. In the proceedings below, respondent Singletary asked for a determination of frivolousness, and spelled out for the court the standards for determining the issue. Petitioner responded with his contentions concerning frivolousness. Here, petitioner has failed to make a showing of error in the trial court's finding. The circuit judge complied *1057 with section 944.279(1) by issuing a written finding and directing that a copy of the order be forwarded to the appropriate institution.
Although the order below contains language suggesting that it was the intention of the circuit judge to himself order the forfeiture of gain time, we agree with the view of the Second District that the court does "not have the authority to simply direct the Department of Corrections to forfeit a prisoner's gain time after finding that the prisoner's appeal is frivolous." Mercade v. State, 698 So.2d 1313, 1316 (Fla. 2d DCA 1997). The circuit judge apparently recognized the requirements of section 944.28(2)(a), because he directed that his order be provided to the prison so that disciplinary action could be instituted against Mr. Martin. Accordingly, the order itself may not be construed as effectuating the loss of gain time. The proceeding to determine whether forfeiture of gain time is appropriate must be instituted by the Department pursuant to its rules as provided in section 944.279(1).
AFFIRMED.
BARFIELD, C.J., and KAHN and WEBSTER, JJ., concur.