736 So.2d 10 (1998)
Joseph Duane SAUCER, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-4134.
District Court of Appeal of Florida, First District.
December 17, 1998.
*11 Joseph Duane Saucer, pro se, for petitioner.
Robert A. Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for respondent.

ORDER ON RESPONDENT'S MOTION FOR SANCTIONS
BARFIELD, C.J.
Our Order dated August 17, 1998, is withdrawn, and the Respondent's motion for rehearing is denied in view of the revised order which follows.
Joseph Duane Saucer sought a belated appeal from his judgment and sentence by writ of habeas corpus directed to this court. His petition alleged that he had timely requested his trial counsel to file a notice of appeal but that request was not honored. After considering the state's response, jurisdiction was relinquished and a special master was appointed to conduct a hearing. The special master's report found that, while client and counsel discussed an appeal after a suppression motion was denied, later Saucer entered a plea with the understanding that there would be no appellate review. Based upon these findings, the petition for belated appeal was denied without comment. Saucer v. State, 718 So.2d 1238 (Fla. 1st DCA 1998).
The state now asks this court to order a forfeiture of gain-time in accordance with section 944.28(2)(a), Florida Statutes (1997). This statute authorizes sanctions if the court finds that, among other things, an appeal is frivolous or that a prisoner "knowingly or with reckless disregard for the truth brought false information or evidence before the court."
As an initial matter, this court has expressed its agreement with the view of the Second District Court of Appeal that it is the role of the Department of Corrections, not the court, to order the forfeiture of gain-time. Martin v. Singletary, 713 So.2d 1056 (Fla. 1st DCA 1998)(relying upon Mercade v. State, 698 So.2d 1313 (Fla. 2d DCA 1997)). More importantly to resolution of respondent's motion, we are persuaded that the provisions of section 944.28(2) are applicable to the instant proceeding. Saucer sought a belated direct appeal from his judgment and sentence; therefore, this is a "criminal proceeding."
Section 944.279(2), Florida Statutes (1997) authorizes disciplinary proceedings in accordance with rules adopted by the Department of Corrections pursuant to section 944.09 for frivolous or malicious actions in civil proceedings and provides that "[t]his section does not apply to a criminal proceeding or a collateral criminal proceeding." Section 944.28(2) authorizes a sanction of forfeiture of gain time if the prisoner "is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court; is found by a court to have knowingly or with reckless *12 disregard for the truth brought false information of evidence before the court." This sanction is without the limiting language of section 944.279 and appears to apply in both civil and criminal proceedings.
Chapter 96-106, Laws of Florida, amended chapter 944, Florida Statutes, to add section 944.279 and amended section 944.28(2)(a) for the expressed purpose of reducing the onslaught of frivolous prisoner civil lawsuits. The amendments provided for loss of gain-time upon certain findings by the court. The new section 944.279 provided that court findings would be forwarded to the appropriate prison facility for disciplinary action provided in section 944.28(2). This section further provided that it would not apply to a criminal proceeding or a collateral criminal proceeding. The gain-time forfeiture provisions of section 944.28 did not contain a civil action limitation; however, there was no declared intent in chapter 96-106 to target frivolous or malicious proceedings in criminal matters.
In chapter 97-78, Laws of Florida, the legislature amended section 944.279 by deleting all reference to loss of gain-time and section 944.28(2) and added provisions for disciplinary procedures pursuant to rules of the department provided in section 944.09. The gain-time forfeiture provisions of section 944.28 were not changed. It appears the legislature has now authorized gain-time forfeiture and other disciplinary action in the case of frivolous civil litigation. In the absence of limiting language in section 944.28, there appears to be no reason why the gain-time forfeiture cannot apply to criminal proceedings.
In view of the historical treatment of gain-time forfeiture and its statewide application in criminal proceedings, we certify the following question to the supreme court as one of great public importance:
May the gain-time forfeiture provisions of section 944.28(2)(a) apply in criminal and collateral criminal proceedings?
The motion to forfeit gain-time is granted, in part, and we find the petitioner either knowingly or with reckless disregard for the truth brought false information before the court.
LAWRENCE, J., concurs.
WEBSTER, J., dissents with opinion.
WEBSTER, Judge, dissenting.
We are dealing here with statutory interpretation. In such a case, our task is to attempt to divine the legislature's intent, and then to apply the statute as we believe the legislature intended. Deason v. Department of Corrections, 705 So.2d 1374 (Fla.1998). The majority finds in section 944.28(2)(a), Florida Statutes (1997), an intent that gain-time be subject to forfeiture if an inmate engages in frivolous or malicious criminal or collateral criminal litigation, or "knowingly or with reckless disregard for the truth br[ings] false information or evidence before the court" in such litigation. I cannot agree with that conclusion. In my opinion, the legislature did not intend the language of section 944.28(2)(a) upon which the majority relies to apply to criminal or collateral criminal proceedings.
At present, sections 944.279 and 944.28, Florida Statutes (1997), read:
944.279 Disciplinary procedures applicable to prisoner for filing frivolous or malicious actions or bringing false information before court.
(1) At any time, and upon its own motion or on motion of a party, a court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith. A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court, which is filed after June 30, 1996, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant *13 to the rules of the Department of Corrections. The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.
(2) This section does not apply to a criminal proceeding or a collateral criminal proceeding.
(3) For purposes of this section, "prisoner" means a person who is convicted of a crime and is incarcerated for that crime or who is being held in custody pending extradition or sentencing.
944.28 Forfeiture of gain-time and the right to earn gain-time in the future. 
(1) If a prisoner is convicted of escape, or if the clemency, conditional release as described in chapter 947, probation or community control as described in chapter 948, provisional release as described in s. 944.277, parole, or control release as described in s. 947.146 granted to the prisoner is revoked, the department may, without notice or hearing, declare a forfeiture of all gain-time earned according to the provisions of law by such prisoner prior to such escape or his or her release under such clemency, conditional release, probation, community control, provisional release, control release, or parole.
(2)(a) All or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner unsuccessfully attempts to escape; assaults another person; threatens or knowingly endangers the life or person of another person; refuses by action or word to carry out any instruction duly given to him or her; neglects to perform in a faithful, diligent, industrious, orderly, and peaceful manner the work, duties, and tasks assigned to him or her; is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court; is found by a court to have knowingly or with reckless disregard for the truth brought false information or evidence before the court; or violates any law of the state or any rule or regulation of the department or institution.
(b) A prisoner's right to earn gain-time during all or any part of the remainder of the sentence or sentences under which he or she is imprisoned may be declared forfeited because of the seriousness of a single instance of misconduct or because of the seriousness of an accumulation of instances of misconduct.
(c) The method of declaring a forfeiture under paragraph (a) or (b) shall be as follows: A written charge shall be prepared, which shall specify each instance of misconduct upon which it is based and the approximate date thereof. A copy of such charge shall be delivered to the prisoner, and he or she shall be given notice of a hearing before the disciplinary committee created under the authorization of rules heretofore or hereafter adopted by the department for the institution in which he or she is confined. The prisoner shall be present at the hearing. If at such hearing the prisoner pleads guilty to the charge or if the committee determines that the prisoner is guilty thereof upon the basis of proof presented at such hearing, it shall find him or her guilty. If the committee considers that all or part of the prisoner's gain-time and the prisoner's right to earn gain-time during all or any part of the sentence or sentences under which he or she is imprisoned shall be forfeited, it shall so recommend in its written report. Such report shall be presented to the superintendent of the institution, who may approve such recommendation in whole or in part by endorsing such approval on the report. In the event of approval, the superintendent shall forward the report to the department. Thereupon, the department may, in its discretion, declare the forfeiture thus *14 approved by the superintendent or any specified part thereof.
(3) Upon the recommendation of the superintendent, the department may, in its discretion, restore all or any part of the gain-time forfeited under this section.
(Emphasis added.) The emphasized portion of subsection (2)(a) of section 944.28 is the language upon which the majority relies for its conclusion.
Section 944.279 and the portion of section 944.28(2)(a) upon which the majority relies were both enacted as parts of chapter 96-106, Laws of Florida. Ch. 96-106, §§ 5, 6, at 96-97, Laws of Fla. That chapter's preamble establishes with relative clarity that its intent was to address only frivolous or malicious civil litigation by inmates:
WHEREAS, frivolous inmate lawsuits congest civil court dockets and delay the administration of justice for all litigants, and
WHEREAS, each year self-represented indigent inmates in Florida's jails and prisons file an ever-increasing number of frivolous lawsuits at public expense against public officers and employees, and
WHEREAS, state and local governments spend millions of dollars each year processing, serving, and defending frivolous lawsuits filed by self-represented indigent inmates, and
WHEREAS, the overwhelming majority of civil lawsuits filed by self-represented indigent inmates are frivolous and malicious actions intended to embarrass or harass public officers and employees, and
WHEREAS, under current law frivolous inmate lawsuits are dismissible by the courts only after considerable expenditure of precious taxpayer and judicial resources, NOW, THEREFORE,
Be It Enacted by the Legislature of the State of Florida....
Ch. 96-106, preamble, at 92-93, Laws of Fla. The legislative history provides further convincing support for the proposition that chapter 96-106 was intended to address only frivolous or malicious civil litigation by inmates. Senate Staff Analysis & Economic Impact Statement for Committee Substitute for Senate Bill 8, dated September 27, 1995, and revised October 11, 1995, at 1-2 (on file in the Florida State Archives). Any remaining doubt regarding this proposition is removed by subsection (2) of section 944.279, as originally adopted"This section does not apply to a criminal proceeding or a collateral criminal proceeding." Thus, section 944.279 and the language of section 944.28(2)(a) upon which the majority relies were initially intended to create a sanction that might be used only when an inmate engaged in frivolous or malicious civil litigation. It was necessary to add the language upon which the majority relies to section 944.28(2)(a) to make it clear that an inmate might be subject to forfeiture of gain-time for the reasons set out in section 944.279, as well as for the other reasons which were already enumerated in subsection (2)(a).
In 1997, the legislature amended section 944.279 as follows (added language is underscored, and deleted language is struck through):
944.279 Disciplinary procedures applicable to prisoner Loss of gain time for filing frivolous or malicious actions or bringing false information before court.
(1) At any time, and upon its own motion or on motion of a party, a court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith. A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court, which is filed after June 30, 1996, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject *15 to disciplinary procedures pursuant to the rules of the Department of Corrections forfeiture of gain-time and the right to earn gain-time. The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department action as provided in s. 944.09 944.28(2).
(2) This section does not apply to a criminal proceeding or a collateral criminal proceeding.
(3) For purposes of this section, "prisoner" means a person who is convicted of a crime and is incarcerated for that crime or who is being held in custody pending extradition or sentencing.
Ch. 97-78, § 14, at 447-48, Laws of Fla. Section 944.28(2)(a) was left unchanged.
It seems to me that the 1997 amendments to section 944.279 were intended to clarify that those who had not yet been sentenced or who were awaiting extradition (and thus would not be able to earn gain-time), as well as those who had been sentenced, would be subject to discipline for frivolous or malicious civil litigation; and to expand the sanctions available in such situations (so that those who were not eligible to earn gain-time might also be punished). Because forfeiture of gain-time was intended to continue as an available sanction after those amendments (but was no longer to be the only available sanction), it was necessary to retain the language in section 944.28(2)(a) upon which the majority relies. I am unable to glean from the 1997 amendments any intent to extend the sanction of forfeiture of gain-time to frivolous or malicious criminal or collateral criminal litigation.
It seems to me that, because they were both adopted as parts of chapter 96-106, section 944.279 and the language of section 944.28(2)(a) upon which the majority relies must be read in pari materia, and as intended to remedy the problems identified in the preamble to that act. Major v. State, 180 So.2d 335, 337 n. 1 (Fla.1965) ("Statutes relating to the same subject matter must be read in pari materia, ... and this rule is applicable with special force where the statutes in question were enacted by the same legislature as part of a single act"). Thus read, it seems to me that the language of section 944.28(2)(a) upon which the majority relies"All or any part of the gain-time earned by a prisoner ... is subject to forfeiture if such prisoner ... is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court [or] is found by a court to have knowingly or with reckless disregard for the truth brought false information or evidence before the court"was intended to authorize forfeiture of gain-time only for frivolous or malicious civil litigation. As Judge Griffin has noted, to read section 944.28(2)(a) as the majority does would appear inconsistent with many established principles of statutory construction, and would lead to many peculiar results, not the least of which is the possibility that a criminal defendant might be subjected to the loss of gain-time because his court-appointed attorney took a direct appeal, which the appellate court found to be frivolous, from the defendant's conviction. Bradley v. State, 703 So.2d 1176, 1178 (Fla. 5th DCA 1997) (Griffin, C.J., specially concurring).
I would deny the state's motion for sanctions in its entirety on the ground that this is a collateral criminal proceeding and that, therefore, the procedures outlined in sections 944.279 and 944.28 for forfeiture of gain-time when an inmate engages in frivolous or malicious litigation or "knowingly or with reckless disregard for the truth br[ings] false information or evidence before the court" are inapplicable. Because the majority concludes that section 944.28(2)(a) authorizes the forfeiture of gain-time, respectfully, I dissent.