PER CURIAM.
Defendant appeals from the denial of his motion for post conviction relief, and from the trial court’s order that fifty percent of his gain-time be forfeited. For the reasons that follow, we affirm in part; reverse in part; and remand.
The trial court properly denied defendant’s motion for post conviction relief, as the motion was successive and raised issues that were or could have been raised on direct appeal or in his previous 3.850 motions. See Christopher v. State, 489 So.2d 22 (Fla.1986); Williams v. State, 557 So.2d 182 (Fla. 3d DCA 1990).
However, the trial court erred in ordering that fifty percent of defendant’s gain-time be forfeited. The Florida legislature has provided that “[a]ll or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner ... is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court.” § 944.28(2)(a), Fla. Stat. (1997).
The method of declaring a forfeiture is set forth in section 944.28, and requires that the prisoner be given notice by the Department of Corrections (DOC), and that a hearing be held by the DOC. The statute does not authorize a court to impose this sanction; the State correctly concedes that the DOC retains the exclusive authority to declare forfeiture of gain-time. See Mercade v. State, 698 So.2d 1313 (Fla. 2d DCA 1997).
In sum, we affirm the denial of post conviction relief but reverse that portion of the order declaring that fifty percent of the prisoner’s gain-time be forfeited. We remand this cause to the trial court with directions to determine, with specific findings, whether this post conviction proceeding falls within the ambit of section 944.28(2)(a), and if it does, to forward to the DOC a recommendation that some or all of the prisoner’s gain-time be forfeited in accordance with the procedural requirements of that statute.
Affirmed in part; reversed in part; remanded with directions.