PER CURIAM.
Petitioner sought belated appeal by petition for writ of habeas corpus pursuant to Florida Rule of Appellate Procedure 9.140. Jurisdiction was relinquished to the circuit court with instructions to appoint a special master to conduct an evidentiary hearing and issue a written order setting forth findings of fact and conclusions of law regarding petitioner’s entitlement to belated appeal. Any party adversely affected by the special master’s report was provided the opportunity to file a response. The special master’s report found that petitioner did not instruct his attorney to file an appeal. Accordingly, we find that petitioner is not entitled to a belated appeal and therefore deny the petition for writ of habeas corpus.
The state has filed a motion regarding sanctions pursuant to section 944.28(2)(a), Florida Statutes (1997). An order to show cause issued on that motion, but petitioner has not filed a response. Accordingly, the motion regarding sanctions is granted in part and we find that petitioner either knowingly or with reckless disregard for the truth brought false information before the court.
As in Saucer v. State, 24 Florida Law Weekly D37, — So.2d -, 1998 WL 874774 (Fla. 1st DCA December 17, 1998), review pending, No. 95,031 (Fla. March 3, 1999), we certify the following question to the supreme court as one of great public importance:
MAY THE GAIN-TIME FORFEITURE PROVISIONS OF SECTION 944.28(2)(A) APPLY IN CRIMINAL AND COLLATERAL CRIMINAL PROCEEDINGS?
PETITION DENIED. MOTION GRANTED IN PART.
MINER, KAHN and DAVIS, JJ., concur.