GRIFFIN, J.,
concurring specially.
I concur because the majority opinion is consistent with prior case law of this court. I continue to maintain, however, as I did in Bradley v. State, 703 So.2d 1176 (Fla. 5th DCA 1997) (Griffin, J., dissenting) that when section 944.279 was enacted, criminal appeals were not intended by the legislature to be included. See also Saucer v. State, 736 So.2d 10, 12 (Fla. 1st DCA 1998)(Webster, J., dissenting). I also agree with the decision of the Second District Court of Appeal in Mercade v. State, 698 So.2d 1313 (Fla. 2d DCA 1997) and the First District in Martin v. Singletary, 713 So.2d 1056 (Fla. 1st DCA 1998) that the decision whether to forfeit gain time lies with the Department of Corrections, not with the appellate court.