752 So.2d 575 (2000)
Clarence H. HALL, Jr., Petitioner,
v.
STATE of Florida and Michael W. Moore, Respondents.
No. SC91122.
Supreme Court of Florida.
January 20, 2000.
*577 Bruce Rogow and Beverly A. Pohl of Bruce S. Rogow, P.A., Fort Lauderdale, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, Florida, for Respondents.
PER CURIAM.
We have for review Hall v. State, 698 So.2d 576 (Fla. 5th DCA 1997), based on express and direct conflict with Mercade v. State, 698 So.2d 1313 (Fla. 2d DCA 1997), concerning a court's proper role in the implementation of sections 944.28(2) and 944.279, Florida Statutes (1999), relating to the imposition of sanctions on prisoners who file frivolous pleadings.[1] We have jurisdiction. See Art. V, § 3(b)(3), Fla. Const.
In the Fifth District Court of Appeal's decision in Hall, the court utilized section 944.28(2)(a), Florida Statutes (Supp.1996), to sanction Hall for filing a frivolous appeal of the denial of his postconviction motion. Section 944.28(2)(a) provides, in pertinent part:
All or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner ... is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court....
§ 944.28(2)(a), Fla. Stat. (Supp.1996). After finding Hall's appeal to be frivolous, the Fifth District directed the Department of Corrections to forfeit Hall's gain time. See Hall, 698 So.2d at 577.
The Second District Court of Appeal in Mercade also utilized section 944.28(2)(a) to sanction an inmate for filing a frivolous appeal of the denial of his postconviction motion. The court noted, however, that the Department of Corrections was vested with the sole discretion to declare a forfeiture under section 944.28(2)(a), and stated
[W]e do not have the authority to simply direct the Department of Corrections to forfeit a prisoner's gain time after finding that the prisoner's appeal is frivolous. In our view, to do so would be in direct conflict with the legislative scheme ... which ... establishes a host of mandatory procedural requirements which must first be met before the Department of Corrections, "in its discretion," may declare a forfeiture of a prisoner's gain time. Accordingly, we decline to follow the "direct" approach of Hall II. ...
... [We] recommend to the Department of Corrections that sanctions be imposed against the appellant in the form of a forfeiture of his gain time.
Mercade, 698 So.2d at 1316 (emphasis added). It is clear that the Fifth District's "directing" the Department of Corrections to sanction an inmate expressly and directly conflicts with the Second District's "recommending" such a sanction.
However, upon review we note that there is a preliminary question raised by Hall which has not been addressed by either court, but which we conclude controls the final decision in this case.[2] That question is whether an appeal of a postconviction motion is a "collateral criminal proceeding," and if so, whether a court may utilize section 944.28(2)(a), which contains no collateral criminal prohibition, independently of section 944.279, which contains *578 language prohibiting its application to collateral criminal proceedings.
Both section 944.279 and the pertinent provisions of section 944.28(2)(a), Florida Statutes (1999), were enacted as part of an act that created or amended several statutory provisions for the purpose of reducing unnecessary or frivolous prisoner filings. See ch. 96-106, Laws of Fla.[3] Not only did the act provide statutory authority permitting the courts, upon a determination that the pleading was frivolous, to send that finding to the prisoner's institution for disciplinary action, see § 944.279, Fla. Stat. (1999); ch. 96-106, § 5, Laws of Fla., the act also amended the Department's gain time forfeiture statute to add that the filing of an action found frivolous by a court may also subject a prisoner to gain time forfeiture. See § 944.28(2)(a), Fla. Stat. (1999); ch. 96-106, § 6, Laws of Fla. In addition, the same act amended the statute that regulates pleadings filed by indigents to exclude prisoners, and created a new indigency statute for prisoner filings. See §§ 57.081, 57.085, Fla. Stat. (1999); ch. 96-106, § 1, 2, at 93-95. Quite importantly, these amendments, except the disciplinary forfeiture provision of section 944.28(2)(a), provide that the restrictions do not apply to a "criminal proceeding or a collateral criminal proceeding." See §§ 944.279(2), 57.085(10), Fla. Stat. (1999).
We conclude that a postconviction motion is a collateral criminal proceeding for purposes of the frivolous filing statutes. The Legislature did not define the term "collateral criminal proceeding" in the statute, nor have we found a definition of a "criminal collateral proceeding" or "collateral criminal proceeding" in Black's Law Dictionary. However, we agree with that portion of the Fifth District's recent decision in Ferenc v. State, 697 So.2d 1262 (Fla. 5th DCA 1997), where it found that the new prisoner statute (which was part of the same act) does not apply to 3.850 motions because they are collateral criminal proceedings, and are specifically excluded from the new prisoner indigency statute.[4]Id.; see also § 57.085(10), Fla. Stat. (1999). Further, it seems only logical that all the statutes either created or amended by the act should be interpreted in the same manner. That is, we conclude that a postconviction motion, such as a 3.850 motion, should be considered a collateral criminal proceeding for purposes of considering sanctions under the frivolous filing statutes as well.[5] Similarly, if a prisoner *579 appeals the denial of his or her postconviction motion, that appellate proceeding would retain the collateral criminal nature of the original motion, and thus the appeal should also be considered a collateral criminal proceeding.
Therefore, having decided that both a postconviction motion and an appeal from the denial of that motion are collateral criminal proceedings, we now proceed to examine the second part of the question above: may gain time be forfeited pursuant to section 944.28(2)(a), independently of section 944.279, for a frivolous appeal of a postconviction motion? For purposes of deciding that question, we have examined the 1997 amendment to section 944.279 which removed the specific reference to a gain time forfeiture for frivolous filings, as well as the reference to section 944.28(2)(a), and replaced it with a reference to "disciplinary procedures pursuant to the rules of the Department." See § 944.279, Fla. Stat. (1999); ch. 97-78, § 14, at 447-48, Laws of Fla.
While section 944.28(2)(a) does not specifically prohibit its application to collateral criminal proceedings, that section is plainly tied to section 944.279 and, we conclude, cannot be utilized independently of that section. Of course that section clearly prohibits its application to such proceedings. Section 944.279 provides the courts with statutory authority to find that a frivolous filing warrants a referral to the Department of Corrections for discipline including possible gain time forfeiture under its administrative rules. Section 944.28(2)(a) is merely an ancillary statute which gives the Department of Corrections the statutory authority to forfeit gain time after a court has utilized 944.279 to find that the frivolous filing warrants a referral to the Department for discipline.
In Saucer v. State, 736 So.2d 10 (Fla. 1st DCA 1998), the First District recently concluded that since the Legislature had "amended section 944.279 by deleting all reference to loss of gain-time and section 944.28(2) and added provisions for disciplinary procedures pursuant to rules of the department provided in section 944.09," the Legislature had sought to clarify that the two sections were separate and independent, as each provided altogether different sanctionsone through Department discipline and the other through gain time forfeiture. Saucer, 736 So.2d at 12 (emphasis added).[6] In reality, however, and as Judge Webster points out in his dissent in Saucer, the amendment made no change in the gain time sanction potential of either statute, and the actual effect of the amendment was to add additional sanctions, such as more restrictive confinement, for the filing of frivolous lawsuits, not to make section 944.28(2)(a) independent of section 944.279. While the amended version of section 944.279 provides that the finding of frivolousness is to be forwarded "to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09," that section does not set forth any rules. Section 944.09 is merely the general statutory authority for the Department to promulgate rules. The Department's rules have long provided for gain time forfeiture and the Department has long looked to section 944.28 for its gain time forfeiture authority. See Fla. Admin. Code R. 33-601.104 (previously 33-11.011).
It is clear from the actual words of the statute that discipline, including but not limited to gain time forfeiture, is now possible when a court finds that a pleading is frivolous. Even assuming that there is an ambiguity, however, the same conclusion is reached by examining the legislative history. According to the Legislature's bill *580 analysis, the first purpose of the amendment was to provide for an amendment "allowing the Department of Corrections to impose other disciplinary actions, in addition to gain time forfeiture, against prisoners who file lawsuits deemed by the court to be frivolous."[7] There is nothing in the analysis indicating that the Legislature intended to separate 944.28(2)(a) from 944.279 or in any way to allow 944.28(2)(a) to be used to sanction frivolous collateral criminal proceedings, such as postconviction proceedings, independently of 944.279, which has always provided, and still provides, that such sanctions may not be utilized in collateral criminal proceedings.
The State asserts that the "broader intent" of the Legislature's 1997 amendment was to "decriminalize" section 944.279 and thus allow the courts and the State to further deter frivolous filings of all kinds, including frivolous criminal actions. The State contends that "the preamble to Chapter 96-106, Laws of Florida, §§ 5-6 at 96-97 clearly indicates that the intent of the Legislature in passing the original statutes was to limit frivolous inmate lawsuits which congest court dockets." The Preamble actually provides:
WHEREAS, frivolous inmate lawsuits congest civil court dockets and delay the administration of justice for all litigants, and
WHEREAS, each year self-represented indigent inmates in Florida's jails and prisons file an ever-increasing number of frivolous lawsuits at public expense against public officers and employees, and
WHEREAS, state and local governments spend millions of dollars each year processing, serving, and defending frivolous lawsuits filed by self-represented indigent inmates, and
WHEREAS, the overwhelming majority of civil lawsuits filed by self-represented indigent inmates are frivolous and malicious actions intended to embarrass or harass public officers and employees, and
WHEREAS, under current law frivolous inmate lawsuits are dismissible by the courts only after considerable expenditure of precious taxpayer and judicial resources, NOW THEREFORE, [the subject act is hereby] Enacted by the Legislature of the State of Florida.
Ch. 96-106, preamble, at 92-93, Laws of Fla. (emphasis added). If the original intent of the act was evidenced by the preamble which clearly refers only to civil actions, any "broader intent" to include criminal actions is simply not there.
The State also asserts that if the Legislature had intended to exclude gain time forfeiture for criminal or collateral criminal proceedings under section 944.28(2)(a), it would have expressly done so, and in the absence of such a provision, under the doctrine of expressio unius est exclusio alterius, we must conclude that the Legislature intended to allow for the sanctioning of frivolous criminal actions as well as frivolous civil actions. Again, the act as a whole only discussed the attempt to deter frivolous civil actions. The only statutory mechanism for the courts to find a proceeding frivolous and refer the matter to the Department for possible gain time forfeiture or other discipline contains language prohibiting its application to collateral criminal proceedings. See § 944.279(2), Fla. Stat. (1999). Repeating that language again in section 944.28(2)(a) would have been redundant because it was assumed that the original frivolous finding by the court would be made under section 944.279.
Therefore, since the Fifth District could not properly employ section 944.28(2)(a) to sanction Hall, resolution of the conflict question of whether the court should have recommended sanctioning *581 Hall instead of "directing" that the Department to do so is not necessary for the final disposition of this case. However, since this conflict is capable of repetition, we will resolve it in this case. See generally Holly v. Auld, 450 So.2d 217 (Fla.1984).
Assuming a court has properly employed section 944.279 to sanction an inmate for filing an improper action that is subject to sanctions under that section, we conclude that a court has no authority to "direct" the Department of Corrections to sanction a prisoner by gain time forfeiture or other discipline because only the Department has the authority to sanction an inmate pursuant to section 944.28(2)(a). This section gives the Department the statutory authority to forfeit gain time under prescribed procedures once a court has found a filing to be frivolous.
The exact procedures are set forth in the Department's rules. See Fla. Admin. Code R. 33-601.104(1)(b) (previously 33-11.011(1)(b)); 33-601.314(9-32)(previously 33-22.012(9-32)). Under these rules, the inmate is entitled to a due process hearing before a decision is made that his or her gain time is to be forfeited. See Fla. Admin. Code R. 33-601.104(1)(b)(previously 33-11.011(1)(b)); 33-601.301-308 (previously 33-22.001-008). Furthermore, even after a decision has been made, the inmate is entitled to appeal the decision to the head of the Department. See Fla. Admin. Code R. 33-601.309 (previously 33-22.009). All of this involves the functioning of an executive branch agency. To order or direct the Department to discipline an inmate would be to force the Department to bypass its procedures and would constitute a violation of the doctrine of separation of powers. See Art. II, § 3, Fla. Const.
We disagree with the State's assertion that there is really no difference between a court "directing" that the Department impose a gain time sanction and a court "recommending" that the Department impose such a sanction. We do not believe it is merely "a matter of semantics." Courts should be wary of utilizing words which appear mandatory in such cases. Even if a court does not use the word "order," it should avoid words that may create the impression that one branch is telling another branch of the government what the required result of its administrative proceeding should be, as such language immediately conjures up questions of separation of powers. To the extent that a court has properly utilized sections 944.279 and 944.28(2)(a), to sanction a prisoner for filing an action which is sanctionable under those statutes, we find that a court may only "recommend" that the Department sanction an inmate. Therefore, while we conclude that Mercade improperly applied section 944.28(2)(a) to the appeal of the denial of a postconviction motion, we agree with that court's referring a disciplinary matter to the Department.
Accordingly, we quash the Fifth District's decision in this case and remand it to that court for further proceedings consistent with our decision in this case. We also disapprove Mercade and Saucer to the extent that they are inconsistent with this decision.[8]
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., concurs with an opinion, in which QUINCE, J., concurs.
WELLS, J., concurring.
I concur with the result in this case because I believe there is a statutory ambiguity. I write because I find that both the majority and dissenting opinions make *582 valid points in Saucer v. State, 736 So.2d 10 (Fla. 1st DCA 1998). I also recognize that there are abuses of frivolous filings in respect to postconviction motions and petitions in criminal cases which the Legislature may have intended to address. I believe it would be helpful for the Legislature to clarify this issue with an express statutory statement.
QUINCE, J., concurs.
NOTES
[1] While we previously treated this case as both a petition for review and a petition for writ of habeas corpus or mandamus, since all the issues necessary for a final determination in this case can be considered in the petition for discretionary review, we have now treated this case only as a petition for review.
[2] Once we have conflict jurisdiction, we have jurisdiction to decide all issues necessary to a full and final resolution. See Jacobson v. State, 476 So.2d 1282, 1284 (Fla.1985); Savoie v. State, 422 So.2d 308, 310 (Fla.1982).
[3] Both sections 944.279 and 944.28(2)(a) provide for sanctions or discipline when a court makes any of a number of findings including (1) that the prisoner brought a frivolous or malicious action or appeal; (2) knowingly or recklessly brought false information or evidence before the court, or (3) violated a law or prison regulation. Since this case concerns the bringing of a frivolous action, we refer to the filing of a frivolous action throughout this opinion, even though the statutes also cover the other misconduct referred to above.
[4] We note, however, that while the Fifth District found in Ferenc that a postconviction motion was a "collateral criminal proceeding" for purposes of the prisoner indigency statute, it, nonetheless, threatened the petitioner there with possible gain time forfeiture under section 944.28(2)(a), Florida Statutes (Supp.1996), for the filing of his frivolous appeal. Accordingly, it appears that the Fifth District concluded that while a postconviction motion is a "collateral criminal proceeding" when it is filed in the trial court, it becomes a collateral civil proceeding when it is appealed. Therefore, to the extent that Ferenc can be read to say that a postconviction proceeding does not retain its "collateral criminal" nature when on appeal, or that the use of 944.28(2) may be utilized independently of the "collateral criminal" prohibitions existent in section 944.279, we disapprove it.
[5] Furthermore, we find that the plain meaning of the phrase "collateral criminal proceeding" used in section 944.279 refers to a type of criminal proceeding that is "collateral to" or somewhat separated from the "main" criminal proceeding. That is, for the very limited purposes of interpreting the statutes created or amended by chapter 96-106, a prisoner's felony conviction would be the result of the main criminal proceeding, while the prisoner's motion to correct his or her sentence (or any postconviction motions such a 3.800 or a 3.850 motion) would be "collateral" to his or her "main" criminal conviction, so such a proceeding would be a "collateral criminal proceeding."
[6] The First District had previously concluded that the use of section 944.28(2)(a) was dependent upon a finding by the court under section 944.279. See Saucer v. State, 23 Fla. L. Weekly D1972 (Fla. 1st DCA Aug.17, 1998), withdrawn and superseded by Saucer v. State, 736 So.2d 10 (Fla. 1st DCA 1998).
[7] See Fla. H.R. Comm. on Correct., HB 37 (1996) Staff Analysis, 1 (April 18, 1997)(on file with Comm.)
[8] Having decided that section 944.28(2)(a) cannot be invoked independently of section 944.279, and having determined that section 944.279 cannot be utilized for sanctions in this case, we need not address whether either of those sections may be applied to petitioner retroactively. Therefore, we decline to address petitioner's ex post facto claim argument.