PER CURIAM.
We have for review a decision on a question certified to be of great public importance, Saucer v. State, 736 So.2d 10 (Fla. 1st DCA 1998). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. The district court certified the following question:
May the gain-time forfeiture provisions of section 944.28(2)(a) apply in criminal and collateral criminal proceedings?
Saucer v. State, 736 So.2d at 12. We answer the question in the negative. Further, we hold that if a writ petition challenges the petitioner’s underlying criminal conviction or sentence, it is a collateral criminal proceeding and thus neither section 944.28(2)(a) nor section 944.279, Florida Statutes (1999), may be used to impose discipline or sanctions.
FACTS
Saucer filed a petition for writ of habeas corpus in the First District Court of Appeal seeking a belated appeal from his judgment of criminal conviction and sentence. He asserted that his trial counsel had agreed to appeal his case but failed to do so. The First District appointed a special hearing officer to conduct a hearing. After the hearing officer found Saucer’s allegations to be false, the State asked the First District to impose sanctions pursuant to section 944.28(2)(a). That section provides for gain time forfeiture if a court finds that an inmate has filed, among other things, a frivolous or untruthful lawsuit.[1] The First District held that since Saucer’s habeas petition sought a belated appeal in his criminal case, the habeas petition was a criminal action, but imposed sanctions based upon its belief that the Legislature had amended the statutory scheme for sanctions and extended it to criminal pro *262 ceedings.[2] Judge Webster dissented. We agree with and approve Judge Webster’s dissenting opinion.
Recently, this Court issued its opinion in Hall v. State, 752 So.2d 575 (Fla.2000), holding, in pertinent part, and consistent with Judge Webster’s dissent, that a post-conviction motion and its appeal are “collateral criminal proceedings” and sanctions cannot be invoked under section 944.28 because that statute must be construed together with section 944.279, which prohibits the invocation of these statutory sanctions in criminal or collateral criminal proceedings. In Hall this Court expressly disapproved of the First District’s decision in this case (Saucer) to the extent that it held that recent statutory amendments to section 944.279 had intended to allow the State to sanction an inmate by forfeiting gain time even if the sanctioned action was criminal or collateral criminal.[3] While Saucer has already been disapproved in part, we now address and elaborate somewhat on the question of whether a habeas corpus petition is also a collateral criminal action for purposes of the' relevant statutes.
CIVIL VS. CRIMINAL
The question now posed is whether a writ petition that challenges the criminal conviction or sentence may also be considered a “collateral criminal proceeding.” As noted, we held in Hall that the sanction statutes may not be utilized according to their own terms if the subject proceeding is criminal or collateral criminal.[4] When a civilian or private citizen brings an action in court, that action is ordinarily broadly categorized as a civil action. In true or pure civil actions the citizen is ordinarily seeking to remedy a private wrong or vindicate a private right. For example, a tort action seeking damages for personal injury would fit that subcategory. A civil rights action would also fit under that subcategory, and even if the person bringing the action is incarcerated, the controlling factor is that the private citizen-inmate is asserting that his or her own legal rights as a human being or a citizen have been violated.
On the other hand, perhaps the only true criminal proceeding is the one the State initiates against a defendant charging her with committing a criminal act.[5] Accordingly, when a person other than the State brings an action, it cannot be considered purely criminal, if for no other reason than that ordinarily only the State can initiate a criminal action. Such other proceedings may be considered either completely independent of a criminal action or “collateral” to it.
COLLATERAL CRIMINAL
When a person brings an action which challenges an underlying criminal conviction or sentence, it obviously is intended to affect the underlying criminal proceeding. Since it is being brought by a private citizen seeking judicial relief, it is often technically classified as a civil action. However, in such instances, it would seem that the denomination “civil” is used merely to indicate that the action is not one brought in the proceeding initiated by the State alleging criminal actions.[6] Hence, *263 when a “civil” writ petition is also referred to as “collateral criminal,” the term actually refers to the underlying subject matter of the action, and the fact that the petition seeks judicial relief from the judgment and sanctions imposed in the criminal prosecution. It is not considered a pure criminal action since it is brought by a private party outside of the criminal prosecution that has resulted in a criminal judgment against the affected party.
We conclude here, as we did in Hall, that the technical classification or denomination of the pleading should not be the determirpng criteria, but, rather, the subject matter or underlying proceeding from which the petitioner is seeking relief should control. We held in Hall that the Legislature’s intent was to curb the improper filing of true civil actions that were patently frivolous. Since Saucer filed a petition for writ of habeas corpus in the First District seeking a belated appeal of his criminal conviction, the subject matter of his petition should be characterized as collateral criminal and our decision in Hall controls. Hence, we reaffirm that sections 944.28(2) and 944.279 may not be utilized to invoke sanctions in these proceedings.
Accordingly, although the district court found Saucer’s habeas petition to be untruthful, it could not invoke section 944.28(2)(a) or 944.279 to sanction Saucer.[7] We quash the decision below, approve Judge Webster’s dissent, and remand this case to the district court for further proceedings consistent with this opinion.
It is so ordered.
*264 WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

. Specifically, the First District found that Saucer had knowingly or recklessly brought false information or evidence before the court. Section 944.279(1) provides for discipline when a court makes any of a number of findings including that the prisoner (1) brought a frivolous or malicious action or appeal; (2) knowingly or recklessly brought false information or evidence before the court, or (3) violated a law or prison regulation. Section 944.28(2)(a) provides the Department with the statutory authority to discipline inmates who have violated section 944.279(1) by forfeiting gain time.

. However, after doing so, the First District certified a question of great public importance.

. This Court also disapproved Saucer (in Hall) to the extent that the First District held that it could "direct” (as opposed to merely "recommend”) that the Department of Corrections sanction an inmate by gain time forfeiture.

. As indicated above, while section 944.28(2)(a) does not contain an express collateral criminal prohibition, this Court held in Hall that it was tied to section 944.279, which does contain such a prohibition. See Hall, 752 So.2d at 579.

. Criminal contempt proceedings may be another "true” criminal proceeding even when initiated by a court.

. See, e.g., Allen v. Butterworth, 756 So.2d 52, 61 (Fla.2000) (stating that technically, habeas corpus and other postconviction relief pro *263 ceedings are classified as civil proceedings but unlike a general civil action, where the parties seek to remedy a private wrong, habe-as corpus and other postconviction relief proceedings are used to challenge the validity of a conviction and sentence and are civil because they are in the nature of independent collateral civil actions); see also O’Neal v.. McAninch, 513 U.S. 432, 440, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (habeas is a civil proceeding involving someone's custody rather than mere civil liability); Murray v. Giarratano, 492 U.S. 1, 13, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989) (O'Connor, J., concurring) (postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment); Rozier v. State, 603 So.2d 120, at 121 (Fla. 5th DCA 1992) (noting that Rule of Civil Procedure 1.190(e) was pertinent to postconviction collateral remedies such as those initiated under rule 3.850 because they are in the nature of independent collateral civil actions); State v. Lasley, 507 So.2d 711 (Fla. 2d DCA 1987) (noting that like a habeas corpus proceeding an action under rule 3.850 is considered civil in nature and collateral to the criminal prosecution which resulted in the judgment of conviction, notwithstanding the inclusion of rule 3.850 within the criminal rules); State v. White, 470 So.2d 1377, 1378-79 (Fla.1985) (stating that 3.850 motions and some other writs are post-conviction collateral remedies which are not steps in a criminal prosecution but are in the nature of independent collateral civil actions governed by the practice of appeals in civil actions); see also State v. Weeks, 166 So.2d 892, 895 (Fla.1964) (noting that postconviction habeas corpus proceedings are not steps in a criminal prosecution. On the contrary, they are in the nature of independent, collateral civil actions which are not clothed with the aspects of a criminal prosecution); Tolar v. State, 196 So.2d 1 (Fla. 4th DCA 1967) (noting that motions for relief under rule 1 [now 3.850], like habeas corpus, are not steps in the criminal prosecution, but are in the nature of independent, collateral civil actions, based on criminal actions; and appeals from the final judgments are governed by practice of appeals in civil actions). This is not to say that the Slate cannot bring an action other than a criminal action since, of course, the State can bring a number of civil actions. For example, the State can bring a breach of contract action against a contractor, or an eminent domain action seeking to take land for a public purpose. In such cases, the “civil” nature of the action refers to the subject matter, not to the person or entity bringing the action.

. We note that while the district court could not utilize either section 944.279 or 944.28(2)(a) to sanction Saucer, it has long been held that the courts have inherent power to impose sanctions upon finding a pleading frivolous or otherwise improper. See, e.g., In re Martin-Trigona, 737 F.2d 1254, 1261 (2nd Cir.1984) (discussing similar federal rule). Nevertheless, when a court utilizes a specific statute to sanction, as here, it is restricted to the strict confines of the statute.