VILLANTI, Judge.
Sabir Abdul-Haqq Yasir appeals from the orders denying two motions he filed in connection with his Religious Freedom Restoration Act (RFRA) suit against various prison officials. We affirm in part and reverse in part.
Yasir sued the defendant prison officials under the RFRA after he was allegedly removed from his vocational plumbing program because its schedule conflicted with his prayer services’ schedule. The prison officials filed a motion to dismiss Yasir’s action. A year and a half after Yasir filed suit but while the motion to dismiss was still pending, Yasir was transferred to another prison facility. At that facility, the schedule for the vocational plumbing program did not conflict with Yasir’s prayer services; therefore, he was reenrolled in the plumbing program. Once at the new facility, Yasir filed a motion for leave to file a supplemental pleading and a proposed supplemental pleading in which he alleged facts to support a claim of “retaliatory transfer” under 42 U.S.C. § 1983. In that supplemental pleading, Yasir claimed that he had been transferred to the second prison in retaliation for filing his RFRA suit.
The trial court subsequently dismissed Yasir’s RFRA suit as “moot with prejudice.” Yasir then moved to be declared the prevailing party, arguing that even though his suit had been dismissed he had prevailed because he received the relief he sought when he was placed into a comparable plumbing program. The trial court denied this motion. The trial court also denied Yasir’s motion to file a supplemental pleading and recommended that Yasir’s gain time be forfeited as a sanction for filing a frivolous pleading. Yasir now appeals both the order denying his motion to be declared the prevailing party and the order recommending that he be sanctioned.
We find Yasir’s prevailing party argument to be without merit and affirm the trial court on that issue. However, we reverse the recommendation of sanctions because the trial court made no finding, and there is nothing in the record to show, that Yasir’s motion for leave to file a supplemental pleading was frivolous.
The statutory basis for the trial court’s recommendation that Yasir be sanctioned for filing a frivolous suit is found in section 944.279(1), Florida Statutes (2003):
At any time, and upon its own motion or on motion of a party, a court may *672 conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith. A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court, which is filed after June 30,1996, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections. The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.
(Emphasis added.) The statute does not define frivolous. However, this court has interpreted “frivolous appeal,” in the context of the statute, to mean one that
is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error [or briefs, in keeping with modern practice], that its character may be determined without argument or research.
Mercade v. State, 698 So.2d 1813, 1315 (Fla. 2d DCA 1997) (quoting Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883, 883 (1935)) (alteration in original), disapproved on other grounds, Hall v. State, 752 So.2d 575 (Fla.2000). By analogy, a frivolous pleading is one that, on its face, is “so readily recognizable as devoid of merit ... that there is little, if any, prospect whatsoever that it can ever succeed.” See id.
The face of Yasir’s motion for leave to file a supplemental pleading and proposed pleading does not clearly reveal it to be devoid of merit. It fully set forth the elements that would be necessary to establish a claim under 42 U.S.C. § 1983 that the prison officials retaliated against him for exercising his constitutional rights. See Wright v. Newsome, 795 F.2d 964, 968 (11th Cir.1986) (indicating that actions taken against prisoner in retaliation for filing lawsuit may give rise to 42 U.S.C. § 1983 claim). Although the prison officials disputed the factual basis for his claim— arguing instead that he was transferred because he was encouraging other prisoners to confront auditors who were planning a visit to the prison — such dispute does not necessarily mean the pleading itself was frivolous.
Furthermore, the trial court did not follow the statutory procedure for recommending sanctions. There is no indication in the record that the trial court conducted any inquiry into whether Yasir’s motion was brought in good faith, and the only “finding” provided by the trial court is a mere legal conclusion that the motion was frivolous. We therefore reverse the trial court’s recommendation that Yasir be sanctioned with the loss of gain time.
Affirmed in part and reversed in part.
ALTENBERND, C.J., and KELLY, J., Concur.